POLLARD
v.
BUTTERY.

POLLARD, Administrator, *v.* BUTTERY.

If an executor or administrator sue on a cause of action, arising in the life-
time of the testator or intestate, and the defendant plead the general issue, or
any other plea in bar, the plaintiff's character of executor or administrator is
admitted.

If an executor or administrator, necessarily suing in his representative character,
suffer a nonsuit in consequence of an illegal instruction, given by the Court
to the jury against his right to recover,—he is not liable for costs *de bonis
propriis.*

ERROR to the *Hendricks* Circuit Court. The plaintiff *Friday,*
suffered a nonsuit in the Circuit Court, and a judgment was *May* 31.
thereupon rendered against him for costs *de bonis propriis.*

M'KINNEY, J.—This is an action of assumpsit brought by an
administrator, before a justice of the peace, for the recovery
of a debt due to the intestate in his life-time. The defendant
pleaded, 1. *nil debet;* 2. that he never had or received the said
sum of money; 3. that he never had or received the said sum
of money or any part of it, and that he had long since paid
over the same to the legal representatives of the intestate.
Judgment was rendered by the justice in favour of the plaintiff,
and an appeal taken to the Circuit Court. In that Court the
case was submitted to a jury; and a bill of exceptions, taken
during the progress of the trial, shows that after the plaintiff
had given testimony, but not to prove he was the legal admin-
istrator of the intestate, the defendant moved the Court to
instruct the jury as in the case of a nonsuit, that the plaintiff
could not recover on the trial of the issues, without proving
that he was the legal administrator; that the Court gave the
instruction, and in consequence of it the plaintiff suffered a
nonsuit.

Two errors are assigned,—1st, in giving the instructions
asked by the defendant; 2dly, in rendering judgment for costs
against the plaintiff to be levied *de bonis propriis.* The cause
of action is shown by the plaintiff, to have arisen in the life-
time of the intestate, and the defence relied upon does not
reach the representative character in which the plaintiff sued,
but applies exclusively to the cause of action. The law is well
settled, that if an executor or administrator sue on a cause of

action arising in the life-time of the testator or intestate, the general issue, or a plea in bar, is an admission that the plaintiff is such executor or administrator.  2 Phill. Ev. 290.—2 Stark. Ev. 315.—*Childress, ex'r.* v. *Emory, ex'r.* 8 Wheat. R. 642.— Peake's Ev. 343.—*Gidley* v. *Williams,* 1 Salk. 37.—*Kerley* v. *West,* 3 Litt. R. 362 (1).   It is not thought necessary to notice, particularly, the pleas of the defendant, nor is it thought, however favourably viewed as relied on before the justice, that they amount to more than the general issue, or in bar; consequently, they admitted the plaintiff's representative character, and thus relieved him from the necessity of its proof.  The parties would have stood differently, had the defendant instead of the pleas relied on, pleaded *ne unques administrator.*  Then the action could only have been sustained, on proof of the plaintiff's being the legal representative of the intestate, and the instruction given by the Court would have been substantially correct.

Had the plaintiff sued in his individual capacity, however erroneous may have been the proceedings in the Circuit Court, by suffering a nonsuit he would have waived all right to object to such proceedings, and have been without relief.  The plaintiff, however, has sued as administrator, of necessity, and his liability for costs must depend on the circumstances attending the nonsuit.    If the nonsuit was compulsory, growing out of instructions which should not have been given, and which were decisive of the plaintiff's right to recover, the suffering a nonsuit should not be regarded as such wilful default, as to subject him to costs.

The connexion between the instructions given, and the rendition of judgment for costs, has rendered an examination of the first error assigned material, to determine the weight to which the second error assigned is entitled.

The cause of action originated in the life-time of the intestate, and the administrator could only bring the action in his representative character.   In *Harrison, adm'r.* v. *Warner,* 1 Blackf. R. 385, this Court, on the authority of numerous cases cited, took the well-established distinction, between an action brought necessarily *in auter droit,* and when brought in an individual capacity.   In the former, an administrator is not liable for costs, unless he knowingly bring a wrong action, be guilty of wilful default, or fail to prosecute his suit.   In the latter, liability attaches.

In the case before us, the action was appropriate, and necessarily brought in the representative character; nor can wilful default, or voluntary failure to prosecute the suit, be charged against the defendant. The Court instructed the jury, that a verdict must be found for the defendant, in consequence of the plaintiff's having failed to prove he was the legal administrator. This proof we have seen, was not necessary, and the nonsuit suffered must be considered compulsory, since the only consequence of awaiting a verdict, would have been the additional costs of the jury.

We are therefore of opinion, that the instruction asked should have been refused. We also think the judgment erroneous as rendered for costs. The plaintiff individually was not responsible for costs, nor from the law, do we believe a judgment for costs against a party *in auter droit* is warranted.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. B. Ray* and *J. Eccles*, for the plaintiff.
*W. Quarles* and *H. Gregg*, for the defendant.

(1) See *Weathers* v. *Newman*, Vol. 1, of these Rep. 232, and note.