Dewey, J.
J.— Vestal brought an action of debt against Burditt and Calvert on two promissory notes made by them to J. B. Banforth and Co., and indorsed by the latter to the plaintiff. The defendants severally pleaded the general issue, the plea of Calvert being accompanied by an oath of its truth in general terms. They also pleaded jointly two special pleas, to which there were replications in denial, and issues. ' On the trial, the plaintiff offered in evidence two promissory notes corresponding with those set out in the declaration, having first proved their execution'by the defendants. The defendants objected to their admissibility, first, because there was no proof of the existence of such a firm as J. B. JDanforth and Co.; and, secondly, because the plaintiff failed to prove the assignment of them as alleged in the declaration. The Court rejected the notes; in consequence of which, as a bill of exceptions states, the plaintiffs was compelled to suffer a nonsuit. Final judgment was rendered against him for costs.
The first objection made to the notes is very properly abandoned. The second is still urged, and, we think, correctly. Before the passage of the statute requiring pleading, which denies the assignment of a written contract made the foundation of an action or a defense, to be verified by oath, a plaintiff, declaring on an assigned note, was bound to prove the execution of the assignment under the general issue. That proof is now dispensed with, unless the party denying the assignment make oath that he has reason to believe, and does believe, the assignment was not made before the commencement of the suit. R. S. 1838, p. 449. We do not think that a general oath of *599 the truth of the plea of nil debit complies with this statute. The oath should specifically refer to the assignment, and deny its existence according to the reasonable belief of the party making the oath, in the manner pointed out by the-act. The notes should have been admitted in evidence without proof of the execution of the assignments.
R. A. Chandler, for the plaintiff.
G. 8. Orth, for the defendants.
But we are not at liberty to correct the error of the Circuit Court for want of jurisdiction in this cause. We have heretofore decided that a writ of error lies in a cause, in which *the plaintiff has been induced to suffer a nonsuit by the instruction of the Court to the jury, that he had entirely failed to produce any proof of a cause of action. We have conceived that a plaintiff, in such a. case, was not bound to run the hazard of a verdict, which, if against him, (as would almost surely be the case), would be conclusive, and which, if in his favor, would be set aside by the Court. Pollard v. Buttery, 3 Blackf., 239. But this is not a case of that character. It comes within the principle of Moore v. Herndon, 5 Blackf., 168, in which we. held that a writ of error did not. lie after a voluntary nonsuit.
Per Curiam.—The writ or error is dismissed.