Nov. Term,
1852.

WILSON *v.* THE ÆTNA INSURANCE COMPANY.

WILSON
v.
ÆTNA INSU-
RANCE COMP'Y.

A plaintiff who has suffered a voluntary non-suit cannot afterward prosecute a writ of error for a refusal of the Court, upon his motion, to reinstate the cause.

ERROR to the *Jefferson* Circuit Court.

Friday,
December 24.

SMITH, J.—The plaintiff in error brought an action of covenant against the defendant, for losses incurred by fire. By a bill of exceptions it appears that, the cause being at issue, and the plaintiff being about to offer his evidence, the first thing necessary to be proved was the loss of the policy of insurance, in order that he might be authorized to prove its contents by secondary evidence. For this purpose the plaintiff offered certain affidavits, and also some parol testimony, which were rejected as inadmissible, or as insufficient, by the Court.

The plaintiff's counsel then informed the Court that he must suffer a non-suit, with a motion to set aside the non-suit and re-instate the case on the docket again. The Court informed him that both motions could not be made at once, but that after the non-suit the other motion could be heard. The plaintiff then suffered a voluntary non-suit, and immediately afterward made a motion to have the non-suit set aside and the cause re-instated.

The motion to re-instate was founded on an affidavit stating the facts as to the refusal of the Court to admit secondary evidence of the contents of the policy, and that the counsel for the plaintiff were taken by surprise in all the decisions made by the Court, and also by the statement of a witness relative to his having sent away an affidavit, which they had given him notice to produce. This motion was overruled.

We have not thought it necessary to examine whether the points raised in the Court below were decided correctly or not, as we are of opinion that a writ of error will not lie in such a case as the present. It has been heretofore decided by this Court, that if the plaintiff suffer a voluntary non-suit in consequence of the erroneous ex-

clusion of his evidence, he cannot bring a writ of error, and we do not think the overruling a motion to re-instate the cause after the non-suit had been suffered, places this case on any stronger ground than that of *Vestal* v. *Burditt*, 6 Blackf. 555.

*Per Curiam.*—The writ of error is dismissed with costs.

*S. C. Stevens*, for the plaintiff.