MONTGOMERY, Executrix, *v.* JONES.

After exceptions taken by the plaintiff to the opinion of the Court in granting a new trial, the record proceeded "and this cause is dismissed." Then followed a judgment for costs in favor of the defendant, and the record continued, "the defendants pray an appeal to the Supreme Court." No exception was taken to the dismissal of the cause. *Held*, that assuming the word "defendants" to be a clerical error, the dismissal must be regarded as having been either by the express or implied consent of the appellant.

An appeal, in this state, stands in the place of a writ of error.

An appeal will not lie after a voluntary nonsuit.

A dismissal of a cause (except in the case of executors or administrators suing as such) is equivalent to a nonsuit.

*Monday,
December 11.*

APPEAL from the *Allen* Circuit Court.

STUART, J.—After exceptions taken to the opinion of the Court in granting a new trial, the record proceeds "and this cause is dismissed." Then follows a judgment for costs in favor of the defendant, and the record continues, "the defendants pray an appeal to the Supreme Court." If we suppose the word "defendants" to be a clerical error,

it will not help the case. Though the point is not urged by counsel, yet such final action in the Court below, apparent on the face of the record, must be judicially noticed. We must presume that the dismissal of the suit was either by express or implied consent of the appellants; for they do not except. It is held that a writ of error will not lie after a voluntary nonsuit. *Moore* v. *Herndon*, 5 Blackf. 168.— *Van Wormer* v. *The Mayor of Albany*, 18 Wend. 169. In this state an appeal stands in the place of a writ of error. 2 R. S. 158. And a dismissal is equivalent to a nonsuit. *McKinney* v. *Finch*, 1 Scam. 152.

There is an exception to this rule in favor of administrators suing as such, briefly recognized in *Pollard* v. *Buttery*, 3 Blackf. 239. But this case is not within it; and the reason for the exception being both vague and of doubtful policy, we would not feel authorized to extend it by analogy to cases not strictly within those decisions.

*Per Curiam.*—The appeal is dismissed with costs.

*J. B. Howe*, for the appellant.

*R. Brackenridge*, Jr., for the appellee.