No. 49.—Martha Griffin, plaintiff in error *vs.* Elisha Moore, defendant in error.

[1.] Where bail surrenders his principal during the session of the court, it is his duty to have an *exoneretur* entered on the minutes of the court, which will be the only legal evidence of his discharge.

[2.] According to the provisions of the Judiciary Act of 1799, the liability of bail in this State is not absolutely *fixed* until the plaintiff in the action obtains final judgment for his demand, and a *capias ad satisfaciendum* issues thereon, and the principal cannot be found, *scire facias* issues against the bail, which must be served twenty days before the court, and judgment thereon. *Held* that the bail has the right to surrender his principal in discharge of his liability, at any time before final judgment on the *scire facias;* and that the death of the party between the return of *non est inventus,* and final judgment on the *scire facias,* might be shown in discharge of the bail.

From Taliaferro Superior Court. *Scire facias* against bail. Tried before Judge Sayre. March Term, 1847.

The plaintiff in error became the bail of one Turley. Final judgment was obtained for the demand sued on, and *capias ad satisfaciendum* issued thereon, and *non est inventus* returned. *Scire facias* was then issued against the bail, and upon the trial thereof the plaintiff in error who was the bail, offered to prove by parol evidence, that she had surrendered her principal during the session of a previous term of the court. This testimony being objected to, was overruled by the Court below, and the plaintiff in error excepted.

The plaintiff in error then offered to prove that her principal, subsequent to the said return of *non est inventus*, had departed this life, and the same being objected to was overruled by the Court below on the ground, that the debt had become fixed upon the bail by the said return of *non est inventus*, so as not to be discharged by the death of the principal at any time thereafter. To which the plaintiff in error excepted. Judgment was rendered against the bail in the Court below, and the writ of error was sued out in this case to reverse that judgment.

STEPHENS & BIRD for the plaintiff in error, made the following points :—

First. Parol evidence is admissible to establish any fact except where written or record evidence is expressly required by law. 2 *U. S. Dig.* 294, *title Parol Ev. and authorities there cited; Commrs.* vs. *Allen,* 2 *Rep. Con. Ct.* 88; *Kirkpatrick* vs. *Vanderveer,* 2 *Rep. Con. Ct.* 341; 2 *Greenlf. Ev. sec.* 517.

Second. At common law, bail was discharged *ex debito justitiæ* by the death of the principal before the return of *non est inventus* upon the *capias ad satisfaciendum* against him. 1 *Bac. Abr.* 342, and authorities there cited; *W. Jones,* 28.

Third. After that return, the bail surrendering in discharge only *ex gratia,* and not *ex debito justitiæ,* would not be heard in any matter of excuse for failing to surrender, but could be discharged only by an actual surrender or its equivalent. 1 *Bac. Abr.* 342, and authorities there cited; 4 *John. R.* 407; 5 *Bin.* 332; 2 *Am. Common Law,* 91; 12 *Wheat. R.* 604; 3 *McCord R.* 49; 14 *East R.* 599; 18 *John. R.* 335; 1 *John. Cases,* 28; 1 *Cowen R.* 599.

Fourth. Our statute extends the time of a surrender *ex debito justitiæ* down to the rendition of final judgment on the *scire facias* against the bail, and extending the time, carries along also all the excuses which are good for a failure to surrender before the re-

Griffin *vs.* Moore.

turn of *non est.* *Prince,* 423; 9 *Peters R.* 329; *Broom Legal Maxims,* 111, and cases there cited.

THOMAS, for the defendant in error.

The surrender of the principal in term time can only be made to the court. *Prince.*

No act of the court can be proved otherwise than by the records of the court. The reception of the principal by the court is an act of the court.

As to liability of bail.

Bail to the action are discharged by performing the condition of the recognisance, or by some matter operating in excuse of performance. 1 *Tidd Practice,* 281.

First. The bail is not discharged without *exoneretur* being entered on the recognisance. 1 *Tidd,* 288.

Second. Without the *exoneretur* is entered the bail is liable, though the principal is in jail under the writ. *Ib.*

The act of God, the act of law, or the act of the party, may excuse the bail from performing the condition of the recognisance. *Ib.* 289, 293, 294.

The act of law excuses by the principal receiving a certificate of bankruptcy, or being transported from the realm, even after condition broken. *Ib.*

The act of God does not excuse after condition broken, from the death of the party.

The condition is broken, or bail fixed, at least for most purposes, by a return of *non est inventus,* viz. to authorize the bringing *sci. fa.* Under our statute, the bail is as clearly fixed here as in England by such return.

If any distinction exists, it only exists to authorize the plea as matter of right, which in England was matter of favour. But it only amounts to allowing such pleas and such only, as were matters of favour, and the death of the party was never in England an excuse after return of *non est inventus.*

*By the Court*—WARNER, J. delivering the opinion.

Two grounds of error are assigned in this case to the decision of the Circuit Court.

First. That the Court erred in deciding that it was not compe-

tent for the security on the bail bond to prove a surrender of his principal during term time, by *parol* testimony.

Second. That the Court below erred in withholding from the jury all evidence of the death of Turley, the principal in the bail bond, after the return of *non est inventus* on the *capias ad satis-faciendum*, holding that the debt then became fixed upon the bail, so as not to be discharged by the death of the principal at any time thereafter.

[1.] With regard to the first ground of error assigned, we are all of the opinion that the parol evidence, as to what was done by the Court during its session in relation to the surrender of the principal by his bail, was properly rejected. The proceedings of the Court, while in session, can only be known by its record. It is the duty of the security on the bail bond, when he surrenders his principal during term time, to call the attention of the court to the fact, and have an *exoneretur* entered on the minutes of the court, so that the court may make such further order in the premises as the law requires. Without such *exoneretur* being entered when the surrender is made during the session of the court, the security for the principal is not discharged. *Tidd Practice*, 241.

[2.] In relation to the second ground of error taken, we are of the opinion that the Court below erred in its judgment in ruling out the testimony of the death of the principal before final judgment on the *scire facias* against the bail, and in holding that the liability of the bail became *fixed* for the payment of the debt, from the date of the return of the sheriff on the *capias ad satisfaciendum* of *non est inventus*. By the common law, it would seem, the bail became fixed for the payment of the debt on the return of *non est inventus* on the *capias;* the courts, however, by rule, granted further indulgence to the bail to surrender his principal, but this indulgence was considered as matter of *favour only*, and not a matter of *strict right;* and if the principal died intermediate the return of *non est inventus* on the *ca. sa.* and the time limited by the rule of court for his surrender, the bail was not discharged.

In *Mannin* vs. *Partridge* this rule however to some extent would seem to have been relaxed. 14 *East R.* 599. In that case there was a return of *non est inventus* made on the *capias*, after which, and before the expiration of the time limited by the rule of the court for the surrender of the principal by his bail, the principal was discharged from the debt under a commission of bankruptcy, and obtained his certificate. The question made in that case was,

whether the bail became *fixed* for the payment of the debt from the time of the return on the *capias*, of *non est inventus*, so as to prevent the bail from being relieved? and the court held that it did not. Lord Ellenborough, in delivering the opinion of the court, is reported to have said. " Bail are, to some purposes, said to be *fixed* by the return of *non est inventus* upon the *capias ad satisfaciendum*, but if they have, by the indulgence of the court, time to render the principal until the appearance day of the last *scire facias* against them, and which they have the capacity of using, they cannot be considered as completely and definitely fixed till that period."

In *Beers et al.* vs. *Haughton*, 9 *Peters R.* 329, the same principle was asserted. If the principal, being discharged by operation of law from the payment of the debt subsequent to the return of *non est inventus* on the *capias* and before the time allowed by the rule of the court for his surrender, will discharge the bail, why is it that the act of God, intervening between the return on the *capias* and the time limited for the bail to surrender his principal, will not also discharge him ?

In the one case the operation of the law prevents the surrender, in the other, the act of God prevents it, both events happening, after the return on the· *capias* of *non est inventus* by which it is said the bail, by the rule of the common law, become *fixed* for the absolute payment of the money. Whatever may be considered the common law rule on this subject, we think our own statute must control it, which in our judgment gives to the bail, not as a matter of *favour* only but as a *matter of right*, the privilege of surrendering his principal at any time before entering up final judgment on the *scire facias*. By the 15th section of the Judiciary Act of 1799, *Prince*, 423, it is declared, " All bail taken according to the directions of this act, shall be deemed, held, and taken as special bail, and as such be liable to the recovery of the plaintiff; but the plaintiff, after final judgment, shall·not take out execution against such bail, until a *capias ad satisfaciendum* shall first be issued thereon, and the principal cannot be found, and shall also issue a *scire facias* returnable to the said court, which shall be served on the bail at least twenty days before the return thereof; and after the return of such *capias ad satisfaciendum* against the principal, and *scire facias* against the bail, and judgment thereon, execution may issue against the principal and bail, or either of them, or either of their estates, *unless the bail shall surrender the principal at or before entering up final judgment on the*

scire facias, either in open court in term time, or to the sheriff of the county in which such principal shall reside, at any time in vacation."

Before the bail becomes absolutely liable for the payment of the money to the plaintiff, by the provisions of this act, he must obtain final judgment for his demand. Then he must have issued thereon a ca. sa., on which there must be a return that the principal debtor is not to be found — then a scire facias must be sued out and served twenty days before court. After the return aforesaid shall have been made on the ca. sa., and the scire facias against the bail and judgment thereon, execution may issue against the principal and bail, or either of them, &c. unless the bail shall surrender the principal at or before entering up final judgment on the scire facias, &c. When the plaintiff has complied with all the requisitions of the statute on his part, then the liability of the bail becomes fixed, and he is entitled to have execution against him for the amount of his demand, unless the bail shall surrender the principal at or before entering up final judgment on the scire facias. The bail has the right under the statute, to surrender his principal at or before entering up final judgment on the scire facias. Before the liability of the bail becomes fixed, as we have seen, there must be a judgment on the scire facias. The plaintiff is entitled to such judgment, unless the bail surrenders the principal: but if the bail surrenders his principal, at or before the entering of such judgment, the plaintiff is not entitled to it; therefore, it is the right of the bail to make such surrender and prevent his liability from being fixed by the rendition of the judgment. The liability of the bail is not to be extended beyond the terms of his contract, and he must be presumed to have entered into the contract in full view of the law which regulated his liability, and is entitled to insist on all the rights which it gives to him; one of which is the right to surrender his principal at or before the rendition of the judgment on the scire facias. If therefore he could have shown on the trial the death of his principal, and that he was prevented by the act of God from exercising that right in making a surrender before final judgment on the scire facias, we think he ought to have been permitted to have done so, and that the court committed error in rejecting the testimony offered for that purpose. Let the judgment of the Court below be reversed and a new trial granted.