OFFERMAN AND WESTERN RAILROAD COMPANY *v.* WAYCROSS AIR-LINE RAILROAD COMPANY *et al.*

When an injunction was refused, and the applicant therefor, for the purpose of obtaining an order in the nature of a supersedeas, preserving the status until the judgment denying the injunction could be reviewed by the Supreme Court, gave a bond conditioned to pay the opposite party all damages resulting from the delay occasioned by taking the case up, in the event the judgment of the superior court should be affirmed, that court, after the affirmance of its judgment, had no jurisdiction or authority to entertain a motion by the defendant to enter up a judgment on the bond against the principal and sureties. The remedy of the obligee in the bond was an independent action thereon.

Argued December 10, 1900.— Decided January 25, 1901.

Motion to enter judgment. Before Judge Bennet. Pierce superior court. July 14, 1900.

*W. E. Kay* and *J. C. McDonald,* for plaintiff.
*J. L. Sweat* and *L. A. Wilson,* for defendant.

FISH, J. The Waycross Air-Line Railroad Company, a corporation having its principal office in Ware county, petitioned the superior court of Pierce county to enjoin the Offerman and Western Railroad Company, a corporation with its principal office in the last-named county, from crossing the tracks of the former company at Nicholls, Pierce county. The injunction, upon the hearing, being refused by the judge, the Waycross Air-Line Railroad Company sued out a writ of error to this court, and, to obtain a restraining order preserving the status until the judgment denying the injunc-

tion could be reviewed, gave a bond with sureties, who all lived in Ware county, conditioned to pay to the Offerman and Western Railroad Company all damages resulting from the delay occasioned by taking the case up, in the event the judgment of the superior court should be affirmed. After an affirmance here of such judgment and the filing of the remittitur in the court below, the Offerman and Western Railroad Company, at the next term of the lower court, moved to enter up a judgment on the bond against the principal and sureties thereon, for the amount of damages it claimed to have sustained by reason of the delay caused by the case having been brought to this court. To this motion the Waycross Air-Line Railroad Company and the sureties on the bond demurred, on the grounds: (1) that they were all residents of Ware county, and therefore the superior court of Pierce county had no jurisdiction to entertain the motion against them; (2) that the court had no jurisdiction or authority to enter up judgment on the bond for damages, the only remedy for the movant being a separate action upon the bond; (3) that the damages sought to be recovered were too remote and speculative. The demurrer was sustained and the motion dismissed, mainly, as the order recites, upon the ground that Pierce superior court had no jurisdiction of the suit on the bond. To this judgment the Offerman and Western Railroad Company filed its bill of exceptions, and we are now to decide whether or not such ruling was erroneous. The bond in this case is of a nature exactly similar to the ordinary bond which the plaintiff in an injunction suit is usually required to give as a condition precedent to obtaining an interlocutory injunction, and which is conditioned for the payment to the defendant of all damages that may accrue to him in the event of the injunction being improperly issued; and, therefore, authorities bearing on the question whether a court of equity, upon the dissolution of an injunction, has power to assess damages, in the original cause, for the defendant against the plaintiff and his sureties, or must remit the defendant to his separate action on the bond, are directly in point.

Mr. High in his excellent work on Injunctions (2d vol.), § 1657, says: "There has been much conflict of authority whether, in the absence of express legislation, a court of equity powers might, upon dissolving an injunction, ascertain by reference, or otherwise, the amount of damages sustained by the injunction, and decree payment of such amount without a new suit for that purpose. But,

while courts of much respectability have insisted upon the exercise of such a jurisdiction, treating it as a cumulative remedy entirely independent of and distinct from any action which might be brought upon the bond, the undoubted weight both of authority and principle is against the exercise of such a jurisdiction. It is certain that no warrant can be found for its exercise in the former practice of the English High Court of Chancery, and however desirable and convenient such procedure may be and undoubtedly is in practice, the doctrine is too firmly fixed to admit of controversy that, in the absence of positive legislation, a court of equity has no power to afford a remedy upon the bond in the injunction suit, such a power being neither an incident to the general powers of courts of equity nor consistent with the principles of equity jurisdiction. In the absence, therefore, of legislative authority to the contrary, a court of equity will not, upon dissolving an injunction, enforce payment of damages in the original cause, but will remit the parties aggrieved to their action upon the bond." See cases cited by the author under such section, page 1241, n. 1. In 16 American & English Enc. Law (2d ed.), 459, it is said: "As regards the assessment and award of damages on the dissolution of an injunction, the decisions are not entirely uniform. According to the weight of authority, the rights and liabilities of the parties under the bond are cognizable only in courts of law. The principal obligor and his sureties are entitled to have these rights determined under and according to the rules of practice of courts of law, and, aside from express statutory authorization, a court of equity, on dissolving the injunction, can not assess and award damages except by consent of the obligors expressed in the bond, or in some other appropriate mode." As somewhat in point it was said in *Walker* v. *Walker*, 42 *Ga.* 141: "In cases of bonds quia timet, while the ultimate liability of such securities may be fixed as to the amount by the judgment against their principal, and the spirit of our law is to dismember legal rights from unnecessary formalities and multiplicity of suits, still in cases like the present it requires a legislative act to authorize the courts to apply the analogies arising under the grants of power conferred in cases of securities under other statutes, against securities on appeal, attachment, garnishment, certiorari, writs of error, and claim."

Counsel for plaintiff in error contend that, whatever the rule on the subject may have been prior to the act of 1893, incorporated

in the Civil Code, § 2978, since the passage of that act there can be no question as to the right of a defendant, upon the dissolution of an injunction, to have, on motion, his damages assessed against the plaintiff and his sureties on the injunction bond. The section of the code referred to is in the following language: "It shall be lawful to sign up judgment against principal and sureties at the same time, as in cases of appeal, in all cases in law or equitable proceedings, when a bond has been made by the losing party, conditioned to pay the eventual condemnation-money in said action, and it shall not be necessary, as heretofore, to bring suit upon said bond." According to this section, judgment can be entered up against the principal and his sureties at the same time in an equitable proceeding only in a case where a bond has been made by the losing party conditioned to pay the *eventual condemnation-money in the action*. The provisions of the section are not applicable when the bond given is like the one in the present case. Here the bond is not conditioned to pay the eventual condemnation-money in the action, but "to pay unto the Offerman & Western Railroad Company all damages which the Offerman & Western Railroad Company should suffer by reason of any delay entailed upon it by reason of its being restrained from condemning a right of way across the Waycross Air-Line Railroad at Nicholls, from the time when the said crossing could have been condemned up to the time when the said crossing should be actually put in and the road put in operation, provided the judgment of the court refusing the injunction should be affirmed by said Supreme Court." The remedy of the obligee in such a bond is by an independent action thereon against the principal and sureties. The above-quoted section of the code expressly recognizes the fact that, prior to the passage of the act of 1893, it was necessary to bring an independent suit on the bond, even where it was given in an equitable proceeding, conditioned to pay the eventual condemnation-money; for the closing language of the section is, "it shall not be necessary, as heretofore, to bring suit upon said bond."

Our conclusion is that the court below did not err in sustaining the demurrer to the motion of the Offerman and Western Railroad Company to enter up judgment against the Waycross Air-Line Railroad Company and the sureties on its bond.

*Judgment affirmed. All the Justices concurring.*