## FREEMAN et al. v. FREEMAN.

1. Where a judgment has been entered against the principal and surety on a ne exeat bond signed by them, they can not have the judgment set aside on motion because of the insufficiency of the affidavit upon which the writ was sanctioned. *Blue* v. *Sheppard,* 28 *Ga.* 566.

2. Construing the ne exeat bond in connection with the order of the court requiring bond given, it is held to be an appearance bond. But the court erred in entering up judgment against the principal and surety on the

bond for the sum named therein, it appearing that neither of them had been served with a rule nisi, or otherwise given an opportunity to show cause why the bond should not be forfeited, before the judgment was rendered.

AUGUST 10, 1915.

Motion to set aside judgment. Before Judge Pendleton. Fulton superior court. May 22, 1914.

*Gober & Jackson* and *Hugh Howell,* for plaintiffs in error.
*Lowndes Calhoun,* contra.

HILL, J. 1. The first headnote needs no elaboration.

2. This is a motion by Charles E. Freeman and P. P. Jackson to set aside a judgment rendered in the superior court against them as principal and surety, respectively, on a ne exeat regno bond. It appears from the record that when the petition for a writ of ne exeat, to restrain the defendant from departing the jurisdiction of the court, was presented to Judge Pendleton of the superior court, he ordered that the writ issue, and the defendant was required to give bond and security in the sum of $250 in accordance with the statute, and that in default of doing so he be kept in the custody of the sheriff until such bond was given. Whereupon the clerk of the superior court issued the writ. The bond given by Freeman as principal and Jackson as surety was conditioned, "if the said Charles E. Freeman, defendant, shall be forthcoming to answer the complainant's claim, or shall abide by the order and decree of the court, then this bond to be void; else of full force and virtue." This bond was dated May 14, 1913. On December 15, 1913, the defendant was ordered by the judge of the superior court to pay the plaintiff certain alimony and counsel fees on December 20, 1913, or five days thereafter. So far as the record shows, the defendant was not present when the question of alimony was heard and the order was made. On the same date the court made an order reciting that, the defendant Freeman having violated the conditions, and having failed to comply with the conditions of the ne exeat bond and the same having been forfeited, it was adjudged that the bond had been forfeited, and judgment was rendered in favor of the plaintiff, Mrs. Freeman, against the principal and surety on the ne exeat bond, the plaintiffs in error here, for the amount therein stated. It is insisted that this judgment is void and should be set aside, because, in addition to the reason set out in the first headnote, the bond is not an indemnity bond, or one

for the payment of the eventual condemnation-money; and if it were such, the movants have not had their day in court by notice, etc., and therefore the judgment is void. Construing the bond in connection with the order of court requiring that it be given, we think that it is an appearance bond; and this being so, the defendant was bound to be in court when required by the order of court to answer the judgment. The court could not summarily enter up judgment upon this appearance bond on the same day that the judgment was rendered in the alimony proceeding. Both the defendant and his security had the right to show that the bond had not been breached. It may have been that the principal was absent for providential cause or had other good and sufficient reason for not appearing; and the court could not properly penalize the surety for not producing the principal on the hearing of the alimony case, when he had no notice that the bond was going to be finally forfeited, and his liability adjudicated at that time. We therefore think it was error to summarily enter up judgment on the bond, without giving the principal and surety an opportunity to show cause why the bond had not been breached. See Stapler *v.* Hurt, 16 Ala. 799; Harris *v.* Hardy, 3 Hill (N. Y.), 393; Dunsmoor *v.* Bankers' Surety Co., 206 Mass. 23 (91 N. E. 907).

*Judgment reversed. All the Justices concur.*