## MAY v. MAY.

The writ of ne exeat issues to restrain a person from leaving the jurisdiction of the State; and where the principal in a ne exeat bond appears and defends the suit against him for divorce and alimony, and is within the jurisdiction of the court when the final judgment is rendered against him, subject to the processes of the court, such writ becomes functus officio, and upon motion the court should declare the bond canceled and the sureties therein discharged.

FEBRUARY 16, 1917. REHEARING DENIED FEBRUARY 24, 1917.

Motion to dissolve bond. Before Judge Charlton. Chatham superior court. January 11, 1916.

Mrs. Laura May filed a petition against her husband, C. H. May, for alimony for herself, for the custody of their child, and for the writ of ne exeat. A rule nisi was granted for a hearing as to temporary alimony, and the writ of ne exeat was ordered. In the order the amount of the bond was fixed, "conditioned to pay and abide by such judgment as may be rendered in favor of the plaintiff herein; and, in default of such bond, to be kept in your custody until said order is complied with, and by you be confined in the common jail of said county, without bail or mainprize, until the further order of the court." The writ of ne exeat duly issued, and the defendant was arrested thereunder and confined in jail. To escape confinement a bond was executed, the condition of which was, "if the said C. H. May, the defendant, shall be forthcoming to answer to the complainant's claim, or shall abide by the order and decree of the court, then this bond to be void; else of full force and virtue." The petitioner alleged that she prayed no restraint upon the defendant's leaving the jurisdiction of the court, but did pray that the court grant the State's writ of ne exeat and require a bond "conditioned to pay such judgment as may be rendered by the court in favor of the plaintiff." The prayer of the petition was in accord with the allegation just stated, and for a bond to "abide the judgment of this court, and in default thereof to be imprisoned." The defendant duly appeared and answered the petitioner's complaint, and defended the suit; and after a verdict and judgment awarding permanent alimony to the wife, the defendant made an oral motion before the judge to dissolve and discharge the bond as functus officio. The court overruled this motion, and the defendant excepted.

*Hewlett, Dennis & Whitman,* for plaintiff in error.

*Twiggs & Gazan,* contra.

GILBERT, J. (After stating the foregoing facts.) This case is brought on a writ of error to the judgment of the trial court in overruling a motion to "dissolve and discharge the bond as functus officio" in a writ of ne exeat republica. This is the sole issue presented. As a remedy the writ of ne exeat regno is exceedingly old. It was first used in England sometime between the reign of John and that of Edward I, as a high prerogative writ founded upon the duty of a subject to defend the king and his realm. In this country it has always been treated, not as a prerogative writ, but as an ordinary process which issues as of right in cases in which it is properly grantable; and it is called ne exeat republica. 29 Cyc. 383, 29 Harvard Law Review, 206. Lord Eldon said: "How it happened that this great prerogative writ, intended by the laws for great political purposes and the safety of the country, came to be applied between subject and subject, I can not conjecture." 1 J. & W. 405, 414; 29 Harvard Law Review, 207, note. In both the English and the American courts, however, the uses of the writ are extended for the enforcement of equitable, pecuniary demands, within certain limitations. The writ of ne exeat in Georgia, though originating in England, is regulated by statute. It is in its nature a proceeding for equitable bail, and is an extraordinary remedy. While the path of its progress through the centuries has been well marked as to its applicability, the exact time when the bond becomes functus officio has not been so plainly marked. There have been cases where the discharge of bail was in issue, but these cases depended upon statutes and the facts of the particular case. Just when in this State bail are entitled, as a matter of law, to a discharge is to be determined from the history of the remedy as applied in Georgia. Our statute has undergone some changes, as will be seen by an examination of the cases of *McGee* v. *McGee,* 8 *Ga.* 295 (52 Am. D. 407), and *Lamar* v. *Lamar,* 123 *Ga.* 827 (51 S. E. 763, 107 Am. St. R. 169, 3 Ann. Cas. 294). These two cases trace the development of the writ in Georgia, and leave nothing necessary for a clear understanding of its purposes, as far as they have gone. Our Civil Code, § 5459, provides: "The writ of ne exeat issues to restrain a person from leaving the jurisdiction of the State." It also provides when the writ may be granted. Since the right to grant the writ is not questioned in the case at bar, we will omit a discussion of that subject.

In the case of *Freeman* v. *Freeman,* 143 *Ga.* 788 (85 S. E. 1038), the terms of the bond pursuant to the writ of ne exeat were, in the essential particulars, the same as in the present case. In the *Freeman* case the bond was held to be an appearance bond. When such is the case it is not necessary that an exoneretur be entered upon the minutes of the court. The conditions of an appearance bond are fulfilled when the principal is present, or within the jurisdiction of the court, so that he may be subjected to the decrees and judgments of the court. When the conditions are fulfilled by the principal, his bondsmen can not be made to pay any part of the bond, since the liability does not attach until a breach occurs.

In *Pounds* v. *Pounds,* 136 *Ga.* 196 (71 S. E. 137), the condition of a similar bond was to "faithfully abide by, execute, and perform the judgment and decree of the court." The court held that it was not error to refuse to "enter judgment against the principal and sureties on the bond, and to issue an execution against them for the amount due on a judgment for alimony," it not appearing that the principal breached the bond by leaving the jurisdiction. An inspection of the record in the office of the clerk of the Supreme Court shows that the principal in the bond was present in the court upon all the trials of said case and when all judgments were rendered. Afterwards it appeared that he was in arrears in his payments on account of temporary and permanent alimony, and had departed beyond the jurisdiction of the court. A motion was made to enter up judgment against the defendant and his sureties on the ne exeat. The court rendered a judgment denying the motion.

In the instant case the defendant appeared and answered the complaint, and also when a judgment was rendered against him. He thus placed himself in a position where other and final process could be served upon him, and the court could deal with him in any manner that the law authorized. This was what he was obligated to do in his bond; and the bond having discharged all the offices for which it was intended, it should have been canceled as functus officio, and the sureties discharged. It was error, therefore, to overrule the motion made by the plaintiff in error.

We have reached the conclusion just stated upon broader grounds; but it should not be overlooked that the petition on

which the writ was founded, in express terms, alleged that the petitioner prayed no restraint upon the defendant's leaving the jurisdiction of the court, but prayed that the court grant the State's writ of ne exeat, and require a bond "conditioned to pay such judgment as may be rendered by the court in favor of the plaintiff." The court on an ex parte hearing ordered the writ, and fixed the amount of the bond, "conditioned to pay and abide by such judgment as may be rendered in favor of the plaintiff herein," and in default thereof for the defendant to be imprisoned. The bond, however, actually made was in conformity with the requirements of the statute. We think the order of the court, construed in the light of the petition, exceeded the authority conferred by the statute. The petition and the order of the court, construed as a whole, indicate that it was not the purpose of the court to confine the defendant to the jurisdiction of the court, but to provide by mesne process a means of enforcing the payment of the final judgment in favor of the plaintiff in her suit for alimony, should she prevail.     *Judgment reversed. All the Justices concur.*