*Horace Russell,* contra.

---

JACKSON *v.* JOHNSON.

RUSSELL, C. J. 1. Where a suit for divorce is filed against a non-resident defendant, who is served by publication in the manner provided by law, if and when such defendant becomes resident within the jurisdiction of the court in which the petition for divorce is pending he is personally served with a petition ancillary thereto, in which alimony and the writ of ne exeat are prayed, and wherein the divorce suit is referred to, and which ancillary petition contains an order signed by the judge of the superior court requiring the defendant to show cause on a named day why the prayer of the petition for alimony should not be granted, and where such defendant is at the time of such service arrested under an order ne exeat republica issued on such ancillary petition, and gives bond conditioned to be forthcoming to answer the petitioner's complaint or

Appeal and Error, 3 C. J. p. 689, n. 41; p. 710, n. 73.

Divorce, 19 C. J. p. 212, n. 38; p. 285, n. 61; p. 286, n. 69, 81; p. 287, n. 95; p. 321, n. 41, 42; p. 330, n. 80.

to abide the order and decree of the court, upon which he secures his release from custody, in the absence of any objection interposed by the defendant such service is sufficient to support a judgment against him in personam for alimony granted in accordance with the prayers of such ancillary petition.

2. Where a petition containing two counts, one seeking a divorce upon the ground of cruel treatment, and the other praying an anullment of the alleged marriage on the ground that the defendant was incapable of contracting marriage with the petitioner by reason of a prior undissolved marriage, is afterwards amended by the addition of an ancillary petition seeking alimony, which is awarded by the trial judge, and the cause proceeds, and the petitioner obtains a "divorce" by the verdict of two juries, which second verdict finds that both parties "shall be at liberty to marry again," in a subsequent proceeding to enforce the judgment for alimony, where the above matters appear uncontradicted, and no further evidence is adduced, the judgment for alimony is presumptively legal, and it must be presumed that the plaintiff abandoned the second count of her petition and relied solely upon the first count; for in the absence of a showing to the contrary this court will not assume that the trial judge granted alimony to one who proved that she was not, and never had been, the lawful wife of the defendant sued. *Wagnon* v. *Pease*, 104 *Ga.* 419, 424 (30 S. E. 895). See *Schulze* v. *Schulze*, 149 *Ga.* 532 (101 S. E. 183). Under the circumstances set forth above it was not erroneous to overrule the oral motion of the defendant security to dismiss the "entire proceeding," based upon the sole ground that the issuance of the writ of ne exeat was a nullity, in that the petition for divorce shows, in count 2, that the complainant never was the lawful wife of the defendant.

3. The court did not err in overruling the demurrer.

(*a*) The motion or petition showed a right in the plaintiff to the relief prayed, and the security on the ne exeat bond which had been breached was a proper party to the proceeding.

(*b*) Upon the breach of a ne exeat bond given in an action for alimony, the court in which such alimony proceeding is pending may force payment of the bond from the surety in a summary proceeding on an order to show cause why judgment should not be entered. *Freeman* v. *Freeman*, 143 *Ga.* 788 (85 S. E. 1038). Schreiber *v.* Schreiber, 85 N. J. Eq. 303 (96 Atl. 85).

(*c*) The petition alleged a breach of the ne exeat bond on which Jackson was security, and as against a demurrer this was sufficient to show liability on the part of such security.

(*d*) After the termination of a suit for divorce and alimony, in which the petitioner is granted alimony, where proceedings are had to enter judgment on a ne exeat bond executed by the defendant in such suit as principal and another as security to secure the release of the principal from jail, the suit for alimony and divorce is not "functus officio" as relates to the proceeding to enter judgment on the bond; and where the petition or motion filed by the plaintiff states the above facts and alleges a breach of the bond, the security is shown to have some "connection" with the suit.

4. The plea in abatement was without merit. To require, in a proceeding

to enter judgment on a ne exeat bond which had been breached by the continual non-appearance of the defendant after his release from jail, that the defendant principal be served before the surety could be proceeded against, would practically prevent and insure *against* the appearance of the defendant at the trial in accordance with the condition of his bond.

5. Under a well-settled rule of jurisprudence, constitutional questions not raised in the lower court, and presented for the first time in this court, will not be considered. *Loftin* v. *Southern Security Co.*, 162 *Ga.* 730 (3) (134 S. E. 760), and cit.

6. Under the facts of this case the trial judge did not err in entering judgment against the security on the ne exeat bond.

　　　　　*Judgment affirmed. All the Justices concur.*

No. 5573. September 23, 1927.

Action upon bond. Before Judge E. D. Thomas. Fulton superior court. July 1, 1926.

Mrs. Ludie Wilson Johnson filed a suit for divorce against James Henry Johnson. The petition contained two counts. The first count alleged the non-residence of the defendant, the marriage of the plaintiff and defendant, the separation, and the cruel treatment and habitual intoxication of the defendant, upon which the plaintiff sought and prayed for a total divorce. The second count alleged that the defendant was a non-resident of the State of Georgia, the marriage of plaintiff and defendant, that plaintiff and defendant "are now husband and wife;" and further, "that at the time said marriage was consummated the defendant had a living wife in South Carolina, from whom he was not divorced; and petitioner charges that the marriage herein stated was illegal and of no effect, for the reason that the previous marriage and the disabilities of said marriage under which the defendant rested were on him at the time said marriage was consummated. Wherefore petitioner prays that her marriage with said defendant be declared null and void and of no effect; and that annulment be granted, declaring said marriage void; and that process issue, and the defendant be served by publication in the terms of the law." Both counts of the petition were verified by the affidavit of the plaintiff. An order for service by publication was taken, and service by publication declared perfected. Subsequently an ancillary petition, designated as an "amendment," was filed by the plaintiff against the defendant, alleging in substance: that at the time she filed the original divorce case the defendant had left the State of Georgia and was not subject to the jurisdiction of

the court, and service was perfected upon him by publication; that there was one child the issue of said marriage, and since the date of the separation the defendant had failed to contribute any sum whatever for the support and maintenance of said child; that defendant recently returned to Atlanta, in Fulton County, and was employed in a shop of that city, under an assumed name which he had taken to evade arrest and legal process of the courts, and was earning approximately $30 to $50 per week; and that if he were informed of petitioner's intention to sue for alimony, he would immediately leave said county and State and go to regions unknown, and thus evade any service of summons of the courts of this State. Petitioner prayed for the writ of ne exeat conditioned according to law; that she have temporary and permanent alimony and attorney's fees; for the custody of the child named; and that a rule nisi issue, requiring the defendant to show cause why the prayers herein should not be granted. The allegations of this petition were verified by the petitioner. The judge to whom the petition was presented ordered that the writ of ne exeat issue, and that the defendant be arrested and held in default of a bond in the amount of $250, conditioned according to law; and further ordered that "the defendant show cause before the motion division of this court, on November 21, why the prayers in the foregoing petition should not be granted." Upon this ancillary petition the following return was entered: "Georgia, Fulton County. Served a copy of the within amendment next. [?] An order on James Henry Johnson in person this November 12th, 1925. R. B. Gaines, D. S." A writ was issued on said ancillary petition, commanding the arrest of the defendant, and that he be safely held until "he enters into bond and security in the said sum of $250 not to depart the State without the order of said court; in default thereof to confine him to the common jail of said county, in the terms of the statute made and provided." In accordance therewith James Henry Johnson as principal, and P. P. Jackson as security, executed a bond in the sum of $250, as follows: "Mrs. Ludie Wilson Johnson *v.* James Henry Johnson. Suit for divorce and alimony in Fulton Superior Court. Upon the petition of . . plaintiff in the above-stated case, the Hon. John D. Humphries, J. S. C. A. C., has granted the State's writ of ne exeat against James Henry Johnson, the defendant in the above-stated case, fixing the bond

at $250," and the principal and surety acknowledged themselves held and firmly bound unto Mrs. Ludie Wilson Johnson in the sum of $250, "conditioned as follows: if the said James Henry Johnson, defendant, shall be forthcoming to answer to the complainant's claim, or shall abide by the order and the decree of the court, then this bond to be void; else of full force and virtue."

On January 27, 1926, "the first verdict in the said proceedings was rendered between the parties in said suit. On June 3, 1926, a second verdict was rendered finding in part: 'We fix the rights and disabilities of the parties as follows: The plaintiff shall be at liberty to marry again. The defendant shall be at liberty to marry again. We find $30 for the minor child until she arrives at the age of 21 years.' A decree in accordance with the last verdict next above set out was signed by the court on June 3, 1926."

On June 19, 1926, the plaintiff filed an "amendment" to her petition, reciting the prior proceedings in the case as set forth above. Further, that "in the amended petition for temporary and permanent alimony the defendant was required to show cause on the 21st day of November, . . and petitioner shows that immediately after the defendant's release from the sheriff's office on November 12 that he left the State of Georgia, and since said time has not returned, and his whereabouts have been unknown, and that said defendant was not within the jurisdiction of the court and did not appear at court on November 24, when the temporary order for alimony and attorney's fees was granted, and said defendant did not live in the State and county from the date after his arrest" and giving bond, nor was he present at any other proceeding in the trial, nor when said case was called for final judgment; that there are alimony and attorney's fees unpaid in the amount of $260, in which sum the defendants named in the amendment, James Henry Johnson, and P. P. Jackson, are indebted to her, said Jackson being indebted because the defendant Johnson failed to make his appearance at any of the hearings. Petitioner prayed for a rule nisi requiring Jackson and Johnson to show cause why a final judgment should not be rendered against them, "and especially the security," for the sum of $250, and that she have judgment for said sum against Jackson. At the hearing on June 30, 1926, had in accordance with the rule nisi, Johnson made no appearance. Jackson filed the following objections to the petition.

(1) An oral motion to dismiss "the entire proceeding," because the issuance of the writ of ne exeat was a nullity, in that the petition shows in count two that the complainant was never the lawful wife of the defendant, and was therefore not entitled to alimony. (2) A demurrer, general in nature, attacking the petition upon the grounds that it shows no right in plaintiff to the relief prayed; that it does not appear that Jackson is a proper party to the cause of action, and it does not appear that petitioner has any legal right to proceed in the manner attempted; that no liability is shown on the part of Jackson as security; that the suit set forth and pleaded by the plaintiff is functus officio. (3) A plea in abatement, based upon the grounds that Johnson had not been served with the petition and rule issued thereon on June 19, 1926 (the petition attacked); and that as the obligation undertaken to be enforced by the petitioner was joint, the same can not proceed against Jackson without the alleged principal. These objections were overruled. The answer of Jackson denied the allegations of the petition "as pleaded," and reiterated the grounds of objection previously urged by motion, demurrer, and plea in abatement.

The plaintiff introduced in evidence her petition with orders thereon, the judgment for temporary alimony and attorney's fees, the first and second verdict in the divorce proceedings, and the final decree of the court thereon. Also introduced oral testimony tending to show that Johnson had left Georgia, and that his whereabouts were unknown. The deputy sheriff who served the rule to show cause why judgment should not be entered on the ne exeat bond testified that he was unable to find the defendant Johnson in Fulton County, Georgia. The plaintiff testified that she went with the sheriff at the time he "served my husband" (with the ancillary petition for alimony), but never saw "my husband" after the next week, but she had seen a letter from him, mailed in Florida to a lawyer in Atlanta, which letter was in her husband's handwriting.

Judgment was rendered in favor of the plaintiff against Jackson, the security, for $250, the principal amount of the bond. The defendants excepted, assigning error on the overruling of the motion to dismiss and the demurrer to the petition, and of the plea in abatement; contending that the judgment violated the clauses of the Federal and State constitutions relating to due process and

equal protection of law and to protection of person and property (specifying them) ; and insisting that the judgment was contrary to law and unsupported by evidence, no breach of the bond having been shown, and the second count of the petition showing the ne exeat proceeding to be null and void.

*R. R. Jackson,* for plaintiffs in error.    *H. W. McLarty,* contra.