18913.  DAVIS *v.* DAVIS.

BELL, J.  In a suit for temporary and permanent alimony, where the defendant husband has been required to give a ne exeat bond, the sureties on the bond are not discharged by a subsequent pendente lite agreement between the husband and the wife as to the amount of temporary alimony to be paid, the agreement providing that it "may be made the judgment of the court," and that "in default in payment of any sum agreed upon as temporary alimony, . . then said agreement to be made the judgment of the court and collection made under the law made in such cases." Notwithstanding such agreement, the court still had authority to modify or revoke any order which it might pass granting temporary alimony, and, the agreement being thus subject to revision by the court, whose jurisdiction and control of the case continued, the sureties upon the bond remained liable according to the tenor of their obligation. *Jennison* v. *Jennison,* 136 *Ga.* 202 (2) (71 S. E. 244, Ann. Cas. 1912C, 441).

2. After such agreement as to temporary alimony had been made the

784

judgment of the court and before final judgment had been rendered in the case, the husband having defaulted in the payment of such temporary alimony, the wife sued out a proceeding in attachment, on which the court passed an order requiring the husband to show cause at a certain time and place why he should not be attached and punished as for a contempt, and service of the proceeding and order was duly made upon the defendant. The defendant ignored this proceeding, failed to appear, and left the jurisdiction of the State, and failed to answer the main suit, and was not present at final verdict and judgment in favor of the plaintiff, but was still without the jurisdiction of the court and beyond the limits of the State. *Held,* in a suit upon the ne exeat bond, the facts appearing as stated above, a finding that the bond had been breached would have been authorized by the evidence. *May* v. *May,* 146 *Ga.* 521 (91 S. E. 687); *Davant* v. *May,* 146 *Ga.* 746 (92 S. E. 210); *Freeman* v. *Freeman,* 143 *Ga.* 788 (2) (85 S. E. 1038); *Swain* v. *Jaudon,* 147 *Ga.* 773 (95 S. E. 696); *Jackson* v. *Johnson,* 164 *Ga.* 839 (3, 4) (139 S. E. 663).

3. This being a suit against the sureties upon a ne exeat bond in an alimony case, it not appearing that the sureties had been in any way relieved or discharged, and the evidence having authorized the inference of a breach of the bond, the court committed error in directing the jury to find against the plaintiff and in favor of the sureties.

Judgment reversed. *Jenkins, P. J., and Stephens, J., concur.*

Decided November 17, 1928.

*W. L. Nix, I. L Oakes,* for plaintiff.
*John I. Kelley,* for defendants.