20688.  JORDAN *et al. v.* SEXTON.

BROYLES, C. J.  1. "Upon the breach of a ne exeat bond, given in an action for alimony, the court in which such alimony proceeding is pending may force payment of the bond from the surety in a summary proceeding on an order to show cause why judgment should not be entered. *Freeman* v. *Freeman,* 143 *Ga.* 788 (85 S. E. 1038); *Schreiber* v. *Schreiber,* 85 N. J. Eq. 303 (96 Atl. 85)." *Jackson* v. *Johnson,* 164 *Ga.* 839 (3-*b*) (139 S. E. 663).

2. "To require, in a proceeding to enter judgment on a ne exeat bond which had been breached by the continual non-appearance of the defendant after his release from jail, that the defendant principal be served before the surety could be proceeded against, would practically prevent and insure *against* the appearance of the defendant at the trial in accordance with the condition of his bond." *Jackson* v. *Johnson,* supra.

3. The contention of the sureties on the ne exeat bond in the instant case, that the order of the court "requiring the writ of ne exeat to issue, and upon which said order said writ did issue, was and is void," is without merit.  See, in this connection, *Jackson* v. *Johnson,* supra.

4. Under the foregoing rulings, the court did not err in overruling the demurrer to the amended petition, or subsequently (after the introduction of the evidence set forth in the bill of exceptions) in rendering judgment against the defendant sureties on the ne exeat bond.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED OCTOBER 8, 1930.

*C. G. Battle,* for plaintiffs in error.    *O. C. Hancock,* contra.