## ALEXANDER v. SLEAR.

HILL, J. 1. "Upon the breach of a ne exeat bond in an action for alimony, the court in which such alimony proceeding is pending may force payment of the bond from the surety in a summary proceeding on an order to show cause why judgment should not be entered. *Freeman* v. *Freeman*, 143 *Ga.* 788 (85 S. E. 1038); Schreiber *v.* Schreiber, 85 N. J. Eq. 303 (96 Atl. 85)." *Jackson* v. *Johnson*, 164 *Ga.* 839, 840 (3 *b*) (139 S. E. 663). And see *Pepper* v. *Pepper*, 169 *Ga.* 840 (152 S. E. 103).

2. "To require, in a proceeding to enter judgment on a ne exeat bond which had been breached by the continual nonappearance of the defendant after his release from jail, that the defendant principal be served before the surety could be proceeded against, would practically prevent and insure against the appearance of the defendant at the trial in accordance with the condition of his bond." *Jackson* v. *Johnson*, supra.

3. It is the duty of the security on a bail-bond, when he surrenders his principal during term time, to call the attention of the court to the fact and to have an exoneretur entered on the minutes of the court. Without such exoneretur being entered when the surrender is made during the session of the court, the surety for the principal is not discharged. *Griffin* v. *Moore*, 2 *Ga.* 331. The order of the court of February 13 (January term, 1932), releasing the principal from jail provided that the obligation of himself and his sureties should not be affected. This in effect was a refusal of the exoneretur. No exception to this order was filed until after final judgment on the bond.

4. The surety, Alexander, was served with the forfeiture nisi on the ne exeat bond September 15, returnable on September 17. A hearing was deferred until September 26, at which time the security neglected to show cause as commanded, and in effect waived any ground that he could or should have urged on the hearing of the forfeiture absolute. A judgment can not be vacated on account of grounds which should have been taken advantage of before judgment but have been negligently omitted. *Barksdale* v. *Greene*, 29 *Ga.* 418.

5. Applying the foregoing principles to the facts of this case, the court did not err in rendering the judgment to which exception is taken.

*Judgment affirmed. All the Justices concur, except Russell, C, J., and Atkinson, J., who dissent.*

No. 9406. May 12, 1933.

*A. R. Dorsey,* for plaintiff in error.   *J. K. Jordan,* contra.