## MOORE *v.* EDMONDSON.

No. 11960. NOVEMBER 10, 1937.

*Duke Davis,* for plaintiff in error. *Wyatt & Morgan,* contra.

RUSSELL, Chief Justice. Willie Pearl Edmondson filed a suit for permanent alimony, on May 29, 1934, against Huey Edmond-

son. A rule nisi and a writ of ne exeat were issued on the same day, requiring him to give bond in the sum of $150. A bond, conditioned to come forth to answer the complainant's claim or to abide by the order and decree of the court, was signed by Huey Edmondson as principal, and R. O. Moore as security. On June 14, 1934, an order was granted awarding $10 per month as temporary alimony to the plaintiff. At the November term, 1936, verdict and judgment were rendered, granting $3 per week as support for a minor child, payable to the mother as permanent alimony. On January 4, 1937, Willie Pearl Edmondson filed a petition addressed to the judge of the superior court, alleging the filing of the petition for temporary and permanent alimony, the rendition of the judgment for temporary alimony, and the giving of the ne exeat bond, attaching a copy thereof. She further alleged that Huey Edmondson did not appear to abide the court's order or to answer the judgment therein for either temporary or permanent alimony, and that he was not present on November 3, 1936, when judgment was rendered against him for permanent alimony; that the defendant had absconded and had failed to pay either the temporary or the permanent alimony; that R. O. Moore was indebted to petitioner $150 on the ne exeat bond, because Huey Edmondson failed to make his appearance and abide the order and decree of the court. She prayed that a rule nisi issue, requiring Moore and Edmondson to show cause why judgment should not be rendered against them for $150. On the same day the judge passed an order requiring Edmondson and Moore to show cause at his office in LaGrange, on January 13, 1937, why final judgment on the ne exeat bond should not be allowed. On January 13, 1937, no appearance being made by either Edmondson or Moore, the judge at chambers rendered judgment against R. O. Moore for $150 and costs. An execution issued thereon was levied upon certain realty. Moore filed an affidavit of illegality on the grounds that he had not had his day in court, "for the reasons that he had never been served with any process as required by law, no suit had been legally filed against him, that he did not waive process and did not appear and defend in any suit in said court; for the reason that no process directed to him, signed by the clerk, bearing test in the name of the judge, returnable to any court, as required by law, directed to any sheriff, deputy, or con-

stable in the State, and any serving officer was without authority to serve any petition on him; because the judge of the superior court was without authority of law to render any judgment on any ne exeat bond, and the judge was without authority to render any judgment, for the reason that the petition filed on said ne exeat bond was not made returnable to any term of court, and no process or order was issued to be or appear at any term of court; the same being an original petition, and not ancillary to any proceeding; and for the further reason that the alleged judgment was had upon the original petition for a money judgment, and the same was not made returnable to any term of court, no process was issued or served upon [Moore] and he had not waived service and did not appear and defend said proceeding, and was thereby deprived of his constitutional right of trial by jury of twelve men; and the judge was without authority to pass any rule requiring any appearance of [Moore] at any time or place other than a regular term of court, as provided by law. And the judge was without authority to issue any execution whatever." Upon the hearing each side introduced evidence, and the judge overruled the illegality and ordered that the levy proceed. To this judgment Moore excepted.

The nature of this case and its incidents are so fully set out in the foregoing statement as to obviate the necessity of any lengthy disquisition upon the principles which control our decision. It must be remembered that the grant of a ne exeat bond in a proceeding for divorce and alimony is merely ancillary to the main suit. The ne exeat is sought only to insure the presence of the defendant at the time judgment is rendered; in other words, that he may be forthcoming to answer the petitioner's complaint, or to abide the order and decree of the court. It is for this reason that the defendant is arrested under an order ne exeat republica. In this case, upon application, the judge of the superior court issued, on January 4, a rule nisi, calling on the principal and surety in the previously executed ne exeat bond to show cause, on January 13, why the bond should not be estreated, forfeited, and enforced. Edmondson, the principal, had taken leg bail and was not to be found. Service, however, was perfected upon the security, Moore. He was thus given an opportunity to show, if he could, any reason why he should be relieved from his obligation

as surety. He preferred to rely upon an affidavit of illegality to the execution which follows as a natural consequence to the judgment of the court, rather than to present a more timely defense. Weeding out immaterial matters, there are really but two questions presented by the record which are argued in the briefs of counsel: first, whether it was essential that process should have issued on this forfeiture of the ne exeat bond, which should have been regularly served upon the security, Mr. Moore; and second, whether the affiant in the illegality was entitled as a matter of right to have a jury trial before he would be bound upon his obligation as surety in the ne exeat bond.

It was held in *Jackson* v. *Johnson*, 164 *Ga.* 839 (3) (139 S. E. 663) : "(*a*) The motion or petition showed a right in the plaintiff to the relief prayed, and the security on the ne exeat bond which had been breached was a proper party to the proceeding. (*b*) Upon the breach of a ne exeat bond given in an action for alimony, the court in which such alimony proceeding is pending may force payment of the bond from the surety in a summary proceeding on an order to show cause why judgment should not be entered. *Freeman* v. *Freeman*, 143 *Ga.* 788 (85 S. E. 1038); Schreiber *v.* Schreiber, 85 N. J. Eq. 303 (96 Atl. 85). (*c*) The petition alleged a breach of the ne exeat bond on which Jackson was security, and as against a demurrer this was sufficient to show liability on the part of such security. (*d*) After the termination of a suit for divorce and alimony, in which the petitioner is granted alimony, where proceedings are had to enter judgment on a ne exeat bond executed by the defendant in such suit as principal and another as security to secure the release of the principal from jail, the suit for alimony and divorce is not 'functus officio' as relates to the proceeding to enter judgment on the bond; and where the petition or motion filed by the plaintiff states the above facts and alleges a breach of the bond, the security is shown to have some 'connection' with the suit." As stated in the *Jackson* case, "To require, in a proceeding to enter judgment on a ne exeat bond which had been breached by the continual nonappearance of the defendant after his release from jail, that the defendant principal be served before the surety could be proceeded against, would practically prevent and insure *against* the appearance of the defendant at the trial in accordance with the condition of his bond."

While in the forfeiture of strictly criminal bonds it is required that there be first a judgment nisi, which is served upon the principal and security of the bail-bond twenty days before the next succeeding term at which judgment absolute must be obtained before the bond is finally forfeited, such forfeitures bear no analogy to the proceedings provided in the enforcement of judgments for alimony. In view of the fact that the record in this case does not disclose or hint of what questions could have been probably submitted to a jury (since it is undenied that the principal has never appeared as required), there is plainly no merit in the bare contention that there should have been or might have been a jury trial under some imaginable theory. The court did not err in issuing the rule nisi, or in rendering final judgment forfeiting the ne exeat bond, or in overruling the affidavit of illegality. *Judgment affirmed. All the Justices concur.*