ADAMS *v.* MOORE.

No. 15191. JUNE 7, 1945. REHEARING DENIED JULY 6, 1945.

536

*John H. Payne* and *Louis H. Foster,* for plaintiff.

*R. A. Bell,* for defendant.

ATKINSON, Justice. (After stating the foregoing facts.) A controlling question is whether the evidence demanded a finding by the trial court that the terms of the ne exeat bond had been breached.

There was a conflict in the evidence as to whether or not the defendant had violated the first condition of the bond, to wit, that he should not remove beyond the jurisdictional limits of the State, and accordingly it can not be held as a matter of law that the trial judge abused his discretion, as contended, in refusing to declare the bond forfeited on the ground that the defendant had absented himself from and remained beyond the limits of the State. A different result is not required by *Freeman* v. *Freeman,* 143 *Ga.* 788 (85 S. E. 1038) ; *Pepper* v. *Pepper,* 169 *Ga.* 832, 840 (152 S. E. 103) ; *Alexander* v. *Slear,* 177 *Ga.* 101 (169 S. E. 304) ; *Moore* v. *Edmondson,* 184 *Ga.* 818 (193 S. E. 780), relied on by the plaintiff, where judgments of the trial court, instead of refusing to declare the bonds forfeited as was done in the case at bar, found that the terms of the ne exeat bonds had been breached.

Another question is whether the defendant had violated the second condition of the bond, namely, to be in court when required by the court's order. In reference to this provision of the bond, the uncontradicted evidence showed that the defendant had been present in person during the hearing for temporary alimony, and, while not present in person at subsequent hearings, had been represented by counsel. Counsel for the petitioner insist that failure of the defendant to appear in person, in response to the rule nisi calling on him to show cause why he should not be adjudged in contempt for failure to pay temporary alimony, and in response to the application to declare the ne exeat bond forfeited, had violated

the provision of the ne exeat bond which required the defendant to be in court when required by the court's order. It does not appear that the defendant was ever adjudged in contempt as was done in *Swanson* v. *Douglas,* 150 *Ga.* 650 (105 S. E. 161). Nor does it appear from the record that the trial judge ever ordered the defendant to appear in person. . Under the pleadings and evidence, the trial judge in the exercise of his discretion no doubt could have ordered that the defendant appear in person or suffer the bond to be forfeited. However, in the trial of civil cases, parties litigant are frequently permitted by the court to be represented by counsel instead of appearing in person, and in the absence of a showing that the judge had ordered the defendant to appear in person, and where he did appear through his counsel at all of the various hearings, it can not be held as a matter of law that his failure to appear in person violated the second condition of the bond.

The judgment complained of did not decree cancellation of the bond but merely refused the petitioner's prayer for a judgment of $500 against the defendant and his surety. Therefore it becomes unnecessary to make any ruling upon the right of the petitioner to recover the accrued temporary alimony, or upon the question whether, under the decision in *May* v. *May,* 146 *Ga.* 521 (91 S. E. 687), the bond should have been canceled as functus officio.

Applying the above principles to the pleadings and evidence, the trial court did not err in refusing to declare the bond forfeited.

*Judgment affirmed.* *Bell, C. J., Jenkins, P. J., Duckworth and Wyatt, JJ., concur.*