274

35946.   McCLUNG *et al. v.* McCLUNG.

DECIDED JANUARY 30, 1956.

*Murphy & Murphy*, for plaintiff in error.

*Robert A. Edwards*, contra.

GARDNER, P. J. The question to be determined is: Would the bond be subject to a summary judgment entered thereon by the court or would a new and independent suit be required to enforce it against the bondsmen? That portion of the bond which is pertinent to the determination of this case reads: "Now in order to guarantee his compliance with the order of the court to make said payments the defendant brings P. O. McClung and Marlin Lamar and Joe T. Wheeler as security, and they jointly and severally bind themselves to comply with the order of the court up to the amount of said bond, and this bond is made in the principal sum of $1,000 in order to secure the compliance with the order of this court." These defendants signed the bond for the simple purpose of guaranteeing this alimony money due by Hugh D. McClung. *U. S. Fidelity &c. Co.* v. *Tucker,* 165 *Ga.* 283 (140 S. E. 866), and *Vickers* v. *Jones,* 200 *Ga.* 338 (37 S. E. 2d 205), cited by the defendants, stated correct principles of law, but on the contrary support the conclusions we reach, and are not cause for reversal of the instant case under the facts. It is contended by counsel for the defendants that a summary judgment could not be entered on the bond in the instant case and that a new and independent suit would be required. In support of this contention counsel for the defendants cite *Offerman &c. R. Co.* v. *Waycross R. Co.,* 112 *Ga.* 610 (37 S. E. 871). That case is not authority for reversal of the instant case. The instant case is an alimony case, a continuing thing. In *Jackson* v. *Johnson,* 164 *Ga.* 839 (139 S. E. 663), the Supreme Court held: "After the termination of a suit for divorce and alimony, in which the petitioner is granted alimony, where proceedings are had to enter judgment on a ne exeat bond executed by the defendant in such suit as principal and another as security to secure the release of the principal from jail, the suit for alimony and divorce is not 'functum officio' as relates to the proceeding to enter judgment on the bond; and where the petition or motion filed by the plaintiff states the above facts and alleges a breach of the bond, the security is shown to have some 'connection' with the suit." See also *Alexander* v. *Slear,* 177 *Ga.* 101 (169 S. E. 304); *Jordan* v. *Sexton,* 42 *Ga. App.* 218 (155 S. E. 356), and *Moore* v. *Edmondson,* 184 *Ga.* 818 (193 S. E. 780). In

the case at bar the bond does not create an independent liability but the liability is a continuing thing arising out of the judgment of the court awarding alimony to the plaintiff. Had this been an action other than an alimony proceeding, in absence of appeal, the court would have lost jurisdiction of the matter after judgment had been rendered. The court retains jurisdiction and may enforce the payment of any judgment it renders in such a case, either by confining the defendant to jail or by requiring a bond to assure compliance with its judgment as an alternative. It would be expensive to require a lawsuit on the bond each and every time an alimony payment was not forthcoming. It cannot be argued that the court has no jurisdiction to find Hugh D. McClung in contempt in the case at bar. The trial judge did find Hugh D. McClung in contempt, and in pursuance of such contempt order rendered judgment on the bond. The procedure for judgment on the bond is ancillary to the attachment for contempt and it is unnecessary to require an action on the bond other than a summary proceeding. It is, and we hold it to be, an eventual condemnation bond. See *Vickers* v. *Jones,* supra.

The trial court did not err in overruling the demurrers of the defendant to the petition and in entering up judgment against the bondsmen.

*Judgment affirmed. Felton, C. J., Carlisle, Quillian and Nichols,, JJ., concur. Townsend, J., dissents.*

Townsend, J., dissenting. Code § 103-103 provides as follows: "The contract of suretyship is one of strict law, and the surety's liability will not be extended by implication or interpretation." Code § 103-208 provides as follows: "When the fact of suretyship appears on the face of the contract, the creditor shall sue out process against the surety, and enter up judgment against him as such." In *Walker* v. *Walker,* 42 *Ga.* 142 it was held: "The right to enter up judgment against securities at the same time with their principal exists only by statute, and can only be done in such cases where the statute has changed the common law." See also *Offerman &c. R. Co.* v. *Waycross R. Co.,* 112 *Ga.* 610.

The petition here, and the order granting summary judgment against the sureties pursuant thereto, were objected to on the ground that the sureties are entitled to be sued in an independent action, and that this bond does not fall within that class of cases

where judgment may be entered against them on motion in the main case proceeding against their principal, they not being parties thereto. I think this objection is well taken. The compliance bond here does not fall under any statutory exception to Code § 103-208. It is not an appeal bond under Code § 6-105. It is not a stay of execution bond under Code § 39-502 (which only stays execution on a judgment for a 60-day period). It cannot be construed to be a ne exeat bond, because the writ of ne exeat is not available to enforce a judgment obtained prior to the issuance of such bond. *Lomax* v. *Lomax*, 176 *Ga.* 605 (3) (168 S. E. 863). It appears from the record here that this bond was required and given in a contempt proceeding to enforce payment of alimony after final judgment in the divorce case.

Further, this is not a condemnation bond under Code § 103-209 as follows: "It shall be lawful to enter judgment against principal and sureties at the same time, as in cases of appeal, in all cases in law or equitable proceedings when a bond has been given by the losing party conditioned to pay the eventual condemnation money in said action, and it shall not be necessary to bring suit upon such bond." A condemnation bond is one wherein the maker agrees to pay to the payee therein any judgment which he may recover against the principal in the suit in which such bond is given. *U. S. Fidelity &c. Co.* v. *Tucker*, 165 *Ga.* 283, 285, stating to this effect, holds that because not given to insure the payment of a future judgment, a bond given to an executor of an estate by a distributee holding property (funds) paid over to him by the executor, was not a condemnation bond but an indemnity bond. *Vickers* v. *Jones*, 200 *Ga.* 338, holds that a bond imposing a new liability created by the terms of the bond itself cannot be a condemnation bond. *Jackson* v. *Johnson*, 164 *Ga.* 839, deals with a ne exeat bond and is not applicable to this case.

Since the obligations of suretyship are subject to strict construction, since sureties, except as specifically provided otherwise by statute, are entitled to be directly sued before judgment is entered against them and a failure to do so would amount to the deprivation of the surety's right to a jury trial, and since this case falls within none of the statutory exceptions under which summary judgment may be entered against sureties in an action against the principal, it is my opinion that the court erred in

overruling the demurrers to the petition and entering judgment against the defendant sureties in the compliance bond.