Dannelly *vs.* Speer and others.

---

No. 44.—FRANCIS DANNELLY, plaintiff in error, *vs.* ALEXANDER SPEER and others, defendants.

[1.] Error does not lie where the party voluntarily dismisses his case subsequent to the making of the decisions complained of.

A motion was made to dismiss this writ of error, among other grounds, because the plaintiff in error had voluntarily dismissed his cause after the making of the decisions by the Court below complained of and excepted to.

Z. E. HARMON, for the motion.

A. HAMMOND, contra.

*By the Court.*—NISBET, J.

[1.] If a plaintiff dismisses his action there is no case in Court—nothing upon which our judgment could operate, if we should hold that there is error; and if we should affirm, so far as the case is concerned, it would be supererogatory. The plaintiff could have excepted to the opinions when given by the Court below, which he says constrained him to dismiss, and gone on to trial. He could have appealed and excepted on the appeal. A writ of error will not lie from a voluntary nonsuit. *Union Bank vs. Carr,* 2 *Humph.* 345. 3 *How. Miss.* 332. *Trice vs. Smith,* 6 *Yerg.* 319. *Howell vs. Pitman,* 5 *Miss.* 246. *Atkinson vs. Lane,* 7 *Miss.* 403. *Kelvy vs. Ross,* 6 *Blackf.* 536. *Vestall vs. Burditt,* 6 *Blackf.* 555.

NOTE.—See *ante, Mott vs. Hill's adm'r, p.* 79.—[Rep.]