Kent *vs.* Hunter.

No. 42.—THOMAS KENT, plaintiff in error, *vs.* JOB HUNTER, ex'r, &c. defendant in error.

[1.] A writ of error does not lie from a voluntary non-suit.

Debt.  Warren Superior Court.   Decision by Judge BAXTER, October Term, 1850.

This was an action against Job Hunter, " as executor of the last will and testament of Bryant J. Hunter." Upon the trial, the plaintiff offered evidence to prove acts on the part of defendant, (*ne unques executor* being pleaded,) to show him an executor *de son tort*. The Court rejected the evidence, on the ground that the facts proposed to be proven were not plainly and distinctly set forth in the declaration, as required by the Judiciary Act of 1799, but decided, at the same time, that the party might amend, *instanter*, " which the plaintiff declined doing, but preferred a non-suit, which was granted. The plaintiff excepted to the decision, and submitted to a non-suit."

A motion was made to dismiss the writ of error, on the ground that no error lies where the party has voluntarily caused a non-suit to be entered.

CONE, for the motion.

L. STEPHENS, *contra.*

*By the Court.*—NISBET, J. delivering the opinion.

[1.] The motion to dismiss must prevail. A writ of error does not lie after a voluntary non-suit. This is not an open question with this Court, and if it was, we would, upon authority and principle, be compelled so to decide. The non-suit in this case was voluntary—it was granted upon the volunteer application of the plaintiff. It was his act. The case is out of Court by the plaintiff's motion. There was no necessity, whatever, for the

non-suit, because the Court permitted him to amend and proceed with his cause.  He thought proper not to avail himself of the privilege of amending, but, in the language of the bill, *preferred* a non-suit.  He now wants this Court not only to review the preceding decision of the Court as to the evidence, but to correct the wrong he has done himself by dismissing his suit, by re-instating his case.

We are not here to correct errors of parties in managing their causes, but errors of the Court in its judgments.  *Mott vs. Hill, adm'r,* 7 *Geo. R.* 79.   *Dannelly vs. Speer,* 7 *Geo. R.* 227.