## GENTRY *v.* WALKER.

It was error on the trial of an action upon a promissory note, brought by the payee against the maker, to strike a plea which in substance alleged that the action had been prematurely begun because, after the maturity of the note, the time for its payment had, by a written agreement between the parties thereto, founded upon a valuable consideration, been extended to a day subsequent to that upon which the declaration was filed, a copy of the alleged agreement, the terms of which apparently sustained the allegations of the plea, being set forth.

Submitted April 15, — Decided May 7, 1897.

Complaint on note. Before Judge Janes. Haralson superior court. January term, 1896.

*McBride & Craven, J. A. Noyes* and *Glenn & Rountree*, for plaintiff in error.

*E. S. & G. D. Griffith*, contra.

LUMPKIN, P. J. An action was brought by Walker against Gentry on a promissory note due November 1, 1885. The defendant pleaded that the action had been prematurely begun, and set up a written agreement between himself and the plaintiff, purporting to have been founded upon a valuable consideration, from which it appeared that the time for payment had been extended to November 6, 1895. The action was brought January 1, 1895. The court below struck the plea, and the defendant excepted.

It is true that at the time of the trial the note, even under

the terms of the written agreement, was past due. This fact, however, does not furnish a proper test for determining whether or not the suit was prematurely brought. On the contrary, this question must be decided with reference to the date upon which the plaintiff's petition was filed. According to the allegations of the defendant's plea, there had been a novation of the original agreement between himself and the plaintiff, embraced in the note sued on, the effect of which was to postpone payment until November 6, 1895. This the defendant offered to show by written evidence, actually attaching to his plea a copy of an instrument which, if genuine, would unquestionably sustain his contention that he was under no obligation to tender payment of the note on or before the date upon which the plaintiff's action was commenced. We are clearly of the opinion that the trial judge improperly struck this plea, and accordingly we remand the case for another hearing.

*Judgment reversed. All the Justices concurring.*