## DEAS v. SAMMONS.

When an action is brought for the recovery of land either under the common-law form or under the code, the plaintiff must recover, if at all, upon the state of his title as it subsisted at the commencement of the suit. Evidence of any after-acquired title is wholly inadmissible.

Argued June 8,—Decided August 9, 1906.

Complaint for land. Before Judge Hammond. Richmond superior court. October 25, 1905.

Nancy Sammons brought suit to recover a certain tract of land,. against Julia Deas. To the petition was attached an abstract of title, the last link of which was as follows: "Winney Inlow to Nancy Sammons. Sole heir at. law of Winney Inlow." After both sides announced ready for trial, plaintiff amended the abstract of title attached to her petition, so that it appeared that Winney Inlow died intestate about 1894, and left as her heirs at law two brothers and two sisters, one of whom was the plaintiff. There were no debts due by the deceased, and there was no administration. The other heirs at law of Winney Inlow conveyed to the plaintiff by a deed, not recorded, the property sued for. This deed was dated October 10, 1905, which was subsequent to the date the petition was filed. The defendant demurred to that portion of the amendment embracing the. last demise, on the ground that the plaintiff could not maintain an action on a title acquired after the commencement of her suit. The demurrer was overruled. Evidence, was admitted, over objection of defendant, establishing the last demise; and the court charged the jury that the plaintiff could recover on a title acquired after the commencement of the action. To all these rulings the defendant excepted.

*William H. Fleming,* for plaintiff in error, cited 15 Cyc. 29; 66 U. S. 224, 470; 12 *Ga.* 166.

*Frank W. Capers,* contra, cited 38 *Ga.* 439; 64 *Ga.* 724; Civil Code, § 5097.

COBB, P. J. (After stating the foregoing facts.)

When the common-law form of ejectment is adopted, the plaintiff may lay as many demises as he pleases; and if he show title under any one of them, he may recover. He may also add new demises by way of amendment at any time when it is necessary to maintain his suit. When the plaintiff does not adopt the common-law form of ejectment, he is required to attach to his petition an abstract of the title relied on. This abstract is treated, for many purposes, as containing what would be the demises under the common-law form. It may be amended by adding different and other muniments of title under which the plaintiff claims. *Willis* v. *Meadors,* 64 *Ga.* 721. The general rule is that there can be no recovery unless the plaintiff has a complete cause of action at the time the suit is filed. A cause of action accruing pending the suit will not entitle the plaintiff to recover. *Baker* v. *Tillman,* 84 *Ga.* 402; *Wad-*

*ley* v. *Jones,* 55 *Ga.* 209; *Gentry* v. *Walker,* 101 *Ga.* 123; *Harris* v. *Moss,* 112 *Ga.* 95 (3).　This rule is applicable both to the common-law form of ejectment and the action to recover land authorized by the code.　The English Court of Kings Bench would not suffer a demise to be laid subsequent to the day of the delivery of the declaration, on the ground that this would be to give to the lessor of the plaintiff a right of action which did not subsist at the time of the commencement of the action.　Tyler on Ejectment, 402.　The same rule has been announced in this country in numerous cases.　15 Cyc. 29.　In Johnstone *v.* Jones, 66 U. S. 224, Mr. Justice Swayne remarked, "In ejectment the plaintiff must recover, if at all, upon the state of his title as it subsisted at the commencement of his suit.　Evidence of any after-acquired title is wholly inadmissible."　And the same Justice, in McCool *v.* Smith, 66 U. S. 470, said, "The rule of the common law is inflexible that a party can recover only upon a title which subsisted in him at the time of the commencement of the suit."

*Judgment reversed.　All the Justices concur, except Fish, C. J., absent.*