NORTHROP et al. v. TROUP.

SAME v. CLEMENTS.

(Circuit Court of Appeals, Fifth Circuit.   April 9, 1912.)

Nos. 2,190, 2,191.

WILLS (§ 481*)—EVIDENCE—ADMISSIBILITY OF WILL.
   Both at common law and under Civil Code Ga. 1895, § 3257, a devise of
real estate takes effect on the death of the testator, and not at the time of
the probate of the will; and in an action of ejectment by a devisee to re-
cover lands in Georgia, the fact that the will was not probated in that
state until after the institution of the action does not render it inadmissi-
ble in evidence.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1005–1007; Dec.
Dig. § 481.*]

In Error to the Circuit Court of the United States for the Southern
District of Georgia.

Actions at law by George P. Northrop and others, executors, against
Joshua Troup and against J. B. Clements. Judgments for defend-
ants, and plaintiffs bring error. Reversed.

See, also, Northrop v. Columbian Lumber Co., 186 Fed. 770, 108
C. C. A. 640.

J. N. Talley and Eldridge Cutts (Haygood & Cutts and Talley &
Heyward, on the brief), for plaintiffs in error.

Alexander Akerman (John D. Pope, Sam S. Bennet, and Charles
Akerman, on the brief), for defendants in error.

Before PARDEE and SHELBY, Circuit Judges, and MAXEY,
District Judge.

PER CURIAM. The questions involved on these writs of error
are with one slight exception identical with those in Northrop v.
Columbian Lumber Company, decided by this court February 7, 1911,
and reported in 186 Fed. 770, 108 C. C. A. 640. The only exception
is in the ruling of the trial court in the present cases that the will
of Claudius B. Northrop, plaintiffs' ancestor, was not admissible in
evidence, because not probated in the state of Georgia until after the
institution of the action, while in Northrop v. Columbian Lumber
Company, supra, the will was admitted on the trial, and the effect
thereof disputed in this court.

As, in our opinion, in the case above referred to, title under a will
is shown to vest at the time of the death of the testator, and not at
the time of the probate of the will, and as we then considered Deas
v. Sammons, 126 Ga. 431, 55 S. E. 170, 7 Ann. Cas. 1124, and other
cases cited in the briefs, it seems to be clear that the will of Claudius
B. Northrop was admissible in evidence, and that for the reasons
given in Northrop v. Columbian Lumber Company, supra, the judg-
ment in each of the above entitled and numbered cases should be re-
versed, and the cause remanded, with instructions to award a new
trial.

And it is so ordered.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes