AMERICAN LIBERTY FIRE INSURANCE CO. *v.* McGLOTHIN *et al.*

HILL, J.  1. In the municipal court of Atlanta suit was brought upon an insurance policy for a loss sustained by fire, amounting to $250. The officer made a return of service upon the insurer by leaving a copy of the petition and process at the office of the company. The company made an appearance in the court, without excepting to the return of the officer. The case was duly assigned for trial, and at the appointed time came on for trial, when the plaintiff amended his petition by alleging that the damage caused from the fire was $459.50, instead of $250 as alleged in the original petition. There was no formal service upon the insurer, of the amendment. The trial resulted in a judgment for the insured for the amount alleged to be due by the petition as amended. *Held*, that the case was within the jurisdiction of the municipal court, and that the judgment was not void for the reason that there was no service upon the insurer of the amendment to the petition.

2. The petition filed by the insurer to enjoin the enforcement of the judgment rendered in the municipal court, on the ground that the judgment was void, failed to allege a cause of action for the relief prayed, and the court did not err in sustaining the demurrer and dismissing the action.

3. The dismissal of the action upon general demurrer was a final disposition of the case, and the judge did not err at the same time in entering up judgment against the insurer and its surety upon the bond for the amount of the judgment obtained in the municipal court, which bond was voluntarily given in order to obtain a restraining order upon presentation of the petition for injunction for sanction by the judge, and which provided that judgment might be entered thereon as in case of appeal should the plaintiff fail in his equitable cause for injunction.

*Judgment affirmed. All the Justices concur.*

No. 5890.  NOVEMBER 16, 1927.

Petition for injunction.  Before Judge Pomeroy.  Fulton superior court.  January 15, 1927.

On December 30, 1926, the judge granted an order as follows: "In the meantime and until further order of court the defendants are restrained as prayed. However, this restraining order is granted provided the plaintiff herein will, within twenty-four hours, file with the clerk of this court a bond payable to Curtis McGlothin, conditioned to pay the amount of the judgment rendered in the case of McGlothin against the plaintiff herein, in the municipal court of Atlanta, together with all costs, provided the American Liberty Fire Insurance Company shall not prevail in this action; judgment to be rendered on said bond as in cases of appeal. This restraining order to be effective only upon the filing

Courts, 15 C. J. p. 759, n. 90; p. 987, n. 61.
Injunctions, 32 C. J. p. 362, n. 51 New.
Pleading, 31 Cyc. p. 351, n. 36; p. 594, n. 63.

of said bond, approved by the clerk of this court." On January 15, 1927, the case came on for hearing, and the court entered the following judgment: "The within demurrer coming on to be heard at the interlocutory hearing, the same is, upon consideration thereof, sustained, and plaintiff's petition as amended is dismissed, for that the same fails to set forth a cause of action for the relief sought." On the same day the judge ordered and decreed that Curtis McGlothin recover of the American Liberty Fire Insurance Company, and the surety on the bond hereinbefore referred to, the sum of $459.50 principal, and costs; and that the prayers for injunction be denied. The plaintiff excepted, contending that its petition set forth a cause of action for equitable relief; that the amendment allowed by the municipal court of Atlanta at the hearing of the case of Curtis McGlothin against the American Liberty Fire Insurance Company set forth a new and distinct cause of action; that when McGlothin failed to levy his fi. fa. on property, and sought to enforce it against the plaintiff through the office of insurance commissioner of Georgia, the plaintiff was remediless at common law; that the entering of judgment upon the bond was error, for "that, said cause having been dismissed and the demurrer to said cause having been sustained, there was no case in court to be tried, and that the condition of said bond had not been broken, and that plaintiff in error had not the opportunity to ascertain whether it would prevail in said cause or not, because there has been no trial of said cause."

*Ray & Ray*, for plaintiff. *Savage & Crawford*, for defendant.