## UNITED STATES FIDELITY AND GUARANTY COMPANY
### v. TUCKER, executor, et al.

1. The motion to dismiss the writ of error, on the ground that the bill of exceptions presents a moot question, for that the order excepted to was a nullity, is without merit.

2. Where, upon a court order by consent of the parties, an executor, the defendant in an action by one claiming to be the sole heir of the decedent, paid to that claimant the sum remaining for distribution, upon receiving from him a bond conditioned that he "make answer for the funds so received, and in the event that judgment or any judgment shall be rendered against the . . executor by reason of such distribution, and shall hold the [executor] harmless by reason of said distribution to the extent of said sum now paid over;" and where thereafter other persons intervened and sought, as heirs of the decedent, to recover of the executor their alleged shares of the estate, it was not competent for the executor to have the surety on the bond made a party to the pending cause, so that, in the event the intervenors obtained judgment against the executor, judgment might immediately be rendered in the same action against the surety for the amount so recovered by the intervenors.

No. 5994. November 17, 1927. Rehearing denied December 17, 1927.

Equitable petition. Before Judge Eve. Irwin superior court. April 1, 1927.

*Jay & Garden,* for plaintiff in error.

*W. R. Mixon, Rogers & Rogers, Phillip Newbern, A. J. Mc-Donald, E. D. Rivers, A. D. Tucker,* and *Dewey Knight,* contra.

HINES, J. 1. On October 26, 1926, a rule nisi was issued upon the application of the defendant, calling upon the United States Fidelity & Guaranty Company to show cause, on November 8, 1926, why it should not be made a party to the case of W. Henry Lloyd *v.* E. J. Tucker Jr., as executor of Richard Gray, deceased, in which case other parties had intervened as plaintiffs.

Actions, 1 C. J. p. 1149, n. 51; p. 1150, n. 54; p. 1151, n. 72.
Executors and Administrators, 24 C. J. p. 543, n. 44 New, 46.
Indemnity, 31 C. J. p. 419, n. 14, 16, 17, 20.

The rule nisi contained the provision that if the surety company failed to show cause on said date, "it is made a party to said cause." On November 8, 1926, the court passed an order extending the time in which the surety company could make such showing until November 12, 1926. By consent of counsel, approved by the court, the time in which the surety company could answer said rule was again extended to such time as might be agreed upon by counsel for the parties; and that if no hearing on the rule nisi was had before April 1, 1927, the same should be had during the April term, 1927, of the superior court. On April 1, 1927, the surety company filed its answer to the rule nisi, in which it set up its objections to being made a party, and moved to dismiss the rule nisi. The court overruled these objections and passed an order making the surety a party. To the judgment making it a party the defendant excepts, and assigns error thereon in its bill of exceptions in this cause. The defendants in error move to dismiss the bill of exceptions, upon the ground that the order of the court of April 1, 1927, making the surety company a party to the case, is void, because under the order of October 26, 1926, the surety company had been made a party plaintiff by its failure to show cause on November 8, 1926, why it should not be made a party to said cause. The motion to dismiss is without merit, and is denied. The provision of the order of October 26, 1926, to the effect that the surety company was made a party to the cause, if it failed to show cause to the contrary on November 8, 1926, was abrogated by the order of that date, and by subsequent proceedings in the case, which extended the time in which the surety company was allowed to answer the rule nisi. *Bird* v. *State,* 142 *Ga.* 596 (1-*a*) (83 S. E. 238, Ann. Cas. 1916C, 205).

2.  Lloyd filed his petition in equity against Tucker as executor of Gray, in which he sought injunctive relief and a decree requiring the executor to turn over to him, as the sole heir of testator, the lands which the executor was advertising for sale under an order of the court of ordinary granting leave to sell them for the purpose of paying debts and expenses of administration; the contention of the petitioner being that there was no necessity for the sale of these lands for these purposes. The court granted an interlocutory injunction, but afterwards dissolved it; and these lands were sold. By agreement of the parties the trial judge passed an

order in which the executor was ordered to pay over to the petitioner the sum of $2459.65, being the amount of the estate remaining in the hands of the executor after the payment of all debts and the cost of a monument purchased by the executor for the grave of the testator (the order reciting that the petitioner appeared to be a bona fide claimant of this sum and to be entitled thereto), upon petitioner giving bond in the sum of $4919.30, payable to the executor. In pursuance of this order the executor turned over this money to petitioner, who gave bond payable to the executor, conditioned as follows: "Now should the said W. Henry Lloyd make answer for the funds so received, and in the event only that judgment or any judgment shall be rendered against the said E. J. Tucker as such executor by reason of such distribution, and shall hold the said E. J. Tucker harmless by reason of said distribution to the extent of said sum now paid over, then in such event this bond to be void, else of full force and effect." Thereafter Mobley and others intervened and sought to recover from the executor their proportionate shares in the estate of testator, upon the ground that they were heirs at law. Thereupon the executor amended his answer, in which he sought to have the U. S. Fidelity & Guaranty Company, the surety on the above bond, made a party to the cause, so that, in the event intervenors were found to be entitled to the money paid to the petitioner, and a judgment should be rendered against the executor, judgment might be immediately rendered against the surety for the same amount. In answer to a rule nisi the surety objected to being made a party, upon the grounds, (a) that there was no legal or equitable ground upon which it should be made a party; and (b) that it was not a proper party thereto. The trial court overruled these objections, and passed an order making the surety company a party to the proceeding. To this ruling the surety company excepted.

An eventual condemnation-money bond is one wherein the makers agree to pay to the payee therein any judgment which he may recover against the principal in the suit in which such bond is given. *Lockwood* v. *Saffold*, 1 *Ga.* 72; *Planters' &c. Bank* v. *Hudgins,* 84 *Ga.* 108 (10 S. E. 501). The bond given by petitioner to the executor is not one for the payment of a judgment for the eventual condemnation-money which the payee may ob-

tain against the principal therein, but is a bond of indemnity whereby the makers agree to hold the payee harmless and indemnify him against any judgment which other claimants of the estate of testator may recover against him, and then only to the extent of the funds of the estate turned over to the principal by the executor under the judgment in this case. The bond refers to and is founded upon the contract under which the executor turned over to petitioner these funds, and covenants to protect the executor from anticipated liability arising from the rendition of judgment in favor of other claimants against the executor for the funds of the estate so delivered to the principal in the bond. 31 C. J. 419 (§ 2), B. Prior to the act of 1893, now embraced in the Civil Code (1910), § 3550, it was necessary to bring an independent suit on all bonds given in an equitable proceeding; and since the passage of said act, judgment can be entered up against the principal and his sureties at the same time in an equitable proceeding only in a case where a bond has been made by the losing party, conditioned to pay the eventual condemnation-money in the action. *Offerman & Western R. Co.* v. *Waycross A.-L. R. Co.,* 112 *Ga.* 610 (37 S. E. 871); *Jordan* v. *Callaway,* 138 *Ga.* 209 (75 S. E. 101). The case of *American Fire Ins. Co.* v. *McGlothin,* 165 *Ga.* 173 (140 S. E. 354), is distinguishable from this case.

When there is no cause of action at the commencement of suit, there can be no recovery, although one accrue, respecting the same subject-matter, while the suit is pending. *Wadley* v. *Jones,* 55 *Ga.* 329; *Gentry* v. *Walker,* 101 *Ga.* 123 (28 S. E. 607); *Deas* v. *Sammons,* 126 *Ga.* 431 (55 S. E. 170, 7 Ann. Cas. 1124); *Elmore* v. *Thaggard,* 130 *Ga.* 701, 705 (61 S. E. 726). At the time the executor amended his answer, and sought to make the surety company a party to this cause, no right of action existed in his favor against the company.

Applying the above principles, the court erred in passing an order making the surety company a party to this cause.

*Judgment reversed. All the Justices concur.*