## LEDBETTER v. GOODROE et al.

No. 9223. SEPTEMBER 14, 1933.

*Sam E. Murrell, K. R. Murrell,* and *G. B. Walker,* for plaintiff.
*R. B. Lambert,* for defendants.

ATKINSON, J. A tenant, occupying improved realty under a parol agreement to pay rent monthly without a definite term, entered into a parol agreement with his landlord for a written lease for a term of three years, for monthly rentals payable at a higher rate. Before execution of the lease the landlord instituted a statutory proceeding to evict the tenant for non-payment of rent. The tenant brought suit for specific performance of the contract, and to enjoin the eviction proceeding. The landlord filed his answer in the nature of a cross-action, in which were prayers substantially as follows: (a) That the court decree a lease of the premises as alleged in the petition, and that the decree be so molded as to establish the amount due by plaintiff to defendant for past-due and future rents, and for the value of certain fixtures that had been loaned by defendant to plaintiff, and protect the defendant with reference thereto; (b) that the court impound a certain fund due to the plaintiff by an insurance company, and that a special lien in

favor of the defendant be declared against such fund; (c) that the plaintiff be enjoined from collecting the fund, and a receiver be appointed to take charge of and preserve and administer it; (d) that the defendant be allowed an attorney's fee for bringing the fund into court; (e) for issuance of the writ of ne exeat; (f) for general relief. The plaintiff filed a demurrer to the answer in the nature of a cross-action, on general and special grounds. After a hearing, the court rendered one judgment dismissing the original petition on the plaintiff's motion, and sustaining the plaintiff's demurrer to the answer in the nature of a cross-action, upon all the grounds thereof, and dismissing the case. The defendant's bill of exceptions assigns error on this judgment.

■ "A petitioner may dismiss his petition at any time, either in term or vacation, so that he does not thereby prejudice any right of the defendant. If claims by way of set-off or otherwise have been set up by the answer, the dismissal of the petition shall not interfere with the defendant's right to a hearing and trial on such claims in that proceeding." Civil Code, § 5548. If a suit is in equity, the rule will apply whether or not the claim set up in the cross-action is of an equitable or purely legal nature. *Ray* v. *Home & Foreign Investment &c. Co.*, 106 *Ga.* 492 (4) (32 S. E. 603). In the instant case the dismissal of the plaintiff's petition did not carry with it the cross-action.

■ In paragraph 5 of the answer, admitting the term of the alleged lease, it was alleged that "this agreement was made with the express understanding that the petitioner would pay to this defendant the past-due rent represented by said lease contract as agreed upon, all of which the petitioner agreed to do; . . that the reason . . a written lease has not been heretofore executed was because the petitioner had not requested it and had not paid the rents in accordance with the agreement." And in paragraph 20 it was alleged that although the petitioner is indebted to defendant "in the sum of $120 or other large sums for past-due rent," he refuses to pay any part thereof, and thereby "refuses to carry out his part of the contract entered into with this defendant as aforesaid." These allegations were elaborated in paragraphs 8, 11, 12, 19, and 23. There was no allegation that $120 was agreed to be the amount of the past-due indebtedness; and in the absence of such, the allegations above set forth were subject to the objections in

the fourth special demurrer that the time for which the amount of rent is claimed or how the amount is arrived at was not alleged.

■ Allegations in paragraph 20 of the answer that the plaintiff, in accordance with the terms of the agreement, "will become indebted to this defendant" in stated amounts for each month to the end of the term for which the lease should be executed, were subject to the objections raised in the first and third grounds of special demurrer raising the objection that the demands for such future rentals are not due.

■ It was alleged in paragraph 21 of the answer: "That at the time petitioner and this defendant entered into said agreement for the leasing of said premises for the three-year period, that it was expressly agreed and understood by and between the petitioner and this defendant that the petitioner would waive and renounce for himself and family any and all homestead and exemption rights he or they may have under and by virtue of the laws of this State or the United States, as against any liabilities that may accrue under said contract, and that it was upon this condition and a part of the consideration by this defendant in entering into said agreement as set out herein and that this defendant was induced by this agreement to enter into said agreement with petitioner." The third prayer was: "That this defendant be protected by a decree of this court in the premises for the payment of past-due, present, and future rents, and also the fixtures referred to herein loaned by this defendant to the petitioner." These allegations, considered in connection with this prayer and other allegations and prayers for specific performance of the contract to make a lease, were not subject to the objections set out in the second ground of special demurrer, that the agreement to waive the right of homestead exemption was not in writing. The effort of the defendant was to require the plaintiff to put it in writing.

■ It was also alleged in paragraph 21 of the answer: "This defendant further shows . . that petitioner is insolvent, but . . that the Empire Trust Company as agent for the Twin City Insurance Company has come into possession or will come into possession of the sum of $1200, the property of the petitioner; that petitioner has no other assets or property . . in the State of Georgia out of which this defendant could make and recover his past-due rent and future rents accruing under and by virtue of

said agreement for the three-year period, as alleged and set forth by petitioner in his said petition." In paragraph 22 it was alleged that defendant loaned to plaintiff described property called "fixtures" of the value of $160, to be kept in good condition and returned at the expiration of the lease; that "said property has been removed or destroyed, so that the same can not be returned at the expiration of the lease, and that this defendant is entitled to judgment against the petitioner, . . and prays the court to so mold its decree as to protect the interest of this defendant as to said property along with all of his rights. That this defendant is informed and believes, and so states, that a portion of the money due by said Empire Trust Company as agent aforesaid is for said property belonging to this defendant, and that this defendant has a special interest in said fund for the payment of his said property, and that if said fund is turned over to petitioner that said fund will [be] wasted and dissipated, so that this defendant will not only lose the amount of his rent but also the value of his fixtures." . The foregoing allegation was not subject to the fifth ground of special demurrer, setting up "that it is not shown in said paragraph or elsewhere in the petition that the defendant has any legal or equitable claim upon the $1200 due plaintiff as insurance on his household goods."

■ The allegations just quoted from paragraph 22 of the answer were open to the special ground of demurrer that "it is not shown, in said paragraph or elsewhere, the time or manner of the removal or destruction of the fixtures referred to in said paragraph, nor . . how or in what manner plaintiff is liable for the value of said fixtures."

■ The allegations just quoted from paragraph 22 of the answer were not subject to special demurrer setting up "that the claim for fixtures is a separate and distinct cause of action from the claim for rent set up in said cross-bill, and that said paragraph renders the cross-bill duplicitous in that said cross-bill contains more than one cause of action in the same count."

■ The case was in equity, having been instituted by the plaintiff who invoked the equitable jurisdiction of the court and prayed for specific performance of a rental contract. Considering such allegations of the answer in the nature of a cross-action as have not been held subject to special demurrer, including the allegations

relating to waiver of the right of homestead exemption, in connection with the allegations of the petition, the cross-action sufficiently set forth a cause of action for specific performance; and being sufficient for this purpose, the answer was not subject to general demurrer on the ground that it failed to allege a cause of action in law or equity, even though it may not have stated a cause of action for other relief. In this connection see *Gillis* v. *Hilton & Dodge Lumber Company,* 113 *Ga.* 622 (38 S. E. 940).

*Judgment reversed. All the Justices concur.*