TRIBBLE *et al. v.* KNIGHT.

BELL, J. 1. "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Civil Code (1910), § 6540.

2. This was a suit in equity for injunction, and was not a suit respecting title to land. *Cook* v. *Grimsley*, 175 *Ga.* 138 (165 S. E. 30).

3. The defendants filed a proper plea to the jurisdiction, and insisted upon the same at the interlocutory hearing. While a plea to the jurisdiction is a matter for trial before a jury, and the judge can not finally pass upon the same at an interlocutory hearing (*Dean* v. *Dean*, 178 *Ga.* 712, 174 S. E. 339), yet "if it appears clearly to the judge that the suit is brought in the wrong county, he should refuse to grant interlocutory relief, for that reason." *Stallings* v. *Stallings*, 127 *Ga.* 464, 469 (56 S. E. 469, 9 L. R. A. (N. S.) 593); *Jackson* v. *Southern Flour & Grain Co.*, 146 *Ga.* 453 (91 S. E. 481).

4. The defendants in this case did not waive jurisdiction by filing an answer and moving to vacate the previous injunctive orders, their answer having been expressly made subject to their pleas to the jurisdiction. *Stallings* v. *Stallings*, supra; *McFarland* v. *McFarland*, 151 *Ga.* 9 (3) (105 S. E. 596).

5. Although the defendants had the burden of establishing the want of jurisdiction as alleged in their pleas (*Pyron* v. *Ruohs*, 120 *Ga.* 1060, 48 S. E. 434), they successfully carried this burden by showing without dispute that neither of them resided in Fulton County where the suit was filed. In these circumstances the court erred in refusing to vacate the restraining orders and in granting an interlocutory injunction. *Peacock* v. *Collins*, 110 *Ga.* 281 (34 S. E. 611); *Knight* v. *Bond*, 112 *Ga.* 828 (38 S. E. 206).

6. The fact that the plaintiff's need for injunction was urgent and pressing, and that the grant of it would not have done appreciable hurt to the defendants, is no valid reason for an affirmance, as suggested by counsel for the plaintiff, where the court did not have jurisdiction.

*Judgment reversed. All the Justices concur.*

No. 9870. MAY 18, 1934.

*George & John L. Weslmoreland,* for plaintiffs in error.
*J. D. McLamb* and *Jones, Fuller, Russell & Clapp,* contra.