## FENDER *v.* HENDLEY.

No. 14608.   SEPTEMBER 10, 1943.

*E. R. Smith* and *Elsie H. Griner,* for plaintiff.
*I. H. Corbitt* and *L. J. Courson,* for defendant.

JENKINS, Presiding Justice.   In the instant suit for injunction against trespass on land, the judge granted an interlocutory injunction on condition that the plaintiff give to the defendant a bond "to indemnify him against any loss occasioned by him by virtue of the plaintiff's possession of the land upon the final trial

of said case, in the event the jury should find that the defendant has an interest in said land." The plaintiff filed in court a bond expressly conditioned to pay to the defendant "such sum as the jury upon the final trial of said case [may find] to be due . . to the defendant as rentals for such interest in the land . . as the jury upon said trial may find that the defendant has in and to said lands," and, "upon the payment of said amount, then this bond to be void; else of full force and effect." The plaintiff who, as shown by her petition, had not been in possession of the land, took possession under the order granting the injunction, after filing the bond. On exception to this court the grant of the injunction was reversed as being mandatory in character, in that it enforced possession in favor of the plaintiff without his having had possession at the time of filing the suit. *Fender* v. *Hendley,* 195 *Ga.* 498 (24 S. E. 2d, 654). The defendant then filed in the trial court a petition to make the judgment of this court the judgment of the court below, in which petition the defendant also set forth the obtaining by the plaintiff of possession pending the suit, and prayed for a restitution by being restored to possession of the land, and prayed for general relief. In her answer to this petition, the plaintiff set up that the bond as given afforded full protection to the defendant. Before any determination of the prayers of the defendant's petition, the judge, on the plaintiff's motion and over the defendant's objection, dismissed the entire cause, without reserving jurisdiction as to the defendant's claim under the plaintiff's bond, or the defendant's prayer for restitution by being restored to possession of the land. The defendant excepted to this order and to the failure to pass on his petition. The plaintiff moved to dismiss the bill of exceptions as premature.

The Code, § 55-202, provides that in injunction hearings the judge "shall, on rendering the decision or in granting the writ of error, make such order and require such bond as may be necessary to preserve and protect the rights of the parties until the judgment of the Supreme Court can be had thereon, which he shall do as well in cases of refusal as of granting an injunction."

The bond in this case specifically provided, as a condition of liability, that "the jury upon the final trial of said case" should find that defendant had an interest in the property, and find what "rentals" the plaintiff was due to the defendant for such interest.

By giving this bond the plaintiff, without previously having possession of the land in dispute, obtained possession pending the suit. Under the terms of the bond, no recovery could be had thereon without a determination in the cause itself as to the interest of the defendant and the amount of rentals due him by the plaintiff if he had an interest. This is true irrespective of whether or not, in the event of a determination of these questions favorably to the defendant, he could summarily enter in the same case a judgment on the bond against the principal and the surety as in cases of appeal, or would have to resort to an independent action to enforce any favorable findings which might be made by a jury in the present case. See, in this connection, *United States Fidelity & Guaranty Co.* v. *Tucker,* 165 *Ga.* 283, 286 (140 S. E. 866); *Jordan* v. *Callaway,* 138 *Ga.* 209, 210 (75 S. E. 101); *Offerman & Western R. Co.* v. *Waycross Air Line R. Co.,* 112 *Ga.* 610, 612 (37 S. E. 871); Code, §§ 103-209, 55-204; 28 Am. Jur. 528 (§§ 355, 356).

Ordinarily a plaintiff may dismiss his action with or without an order of court, and no writ of error will lie from such an order. *Davenport* v. *Hardman,* 184 *Ga.* 518 (192 S. E. 11), and cit.; *Dannelly* v. *Speer,* 7 *Ga.* 227, 228; *Kent* v. *Hunter,* 9 *Ga.* 207. But an entire cause cannot properly be dismissed over objection by the defendant, when his affirmative rights under the pleadings would be prejudiced thereby; and a writ of error would lie from such an order. While the dismissal of a petition alone would carry with it an answer "to the extent of defensive matter," such a dismissal should not affect any counterclaims, and must not preclude the defendant's "right to a hearing or trial of such claims." *American Legion* v. *Miller,* 183 *Ga.* 754, 756 (189 S. E. 837), and cit.; *Jones* v. *Thacker,* 61 *Ga.* 329 (2); *Winn* v. *Armour & Co.,* 184 *Ga.* 769 (3), 772 (193 S. E. 447); *Byrd* v. *Equitable Life Assurance Society,* 185 *Ga.* 628 (3), 637 (196 S. E. 63); Code, § 3-510. Under these rules and the preceding holdings, the order dismissing the case in its entirety, on the plaintiff's motion and over the defendant's objection, was erroneous; and the motion to dismiss the defendant's writ of error is denied.

Moreover, on the reversal of a judgment, the trial court should, even without an express mandate from the appellate court so directing, enforce a restitution between the parties with reference

to the subject-matter of the suit, so as to place or restore their status in accordance with the appellate decision. 5 C. J. S. 1542-1546 (§§ 1980-1985), and cit. See generally, on the right to restitution, *Jordan* v. *Jordan*, 16 *Ga.* 446, 452; *Perkins* v. *Rowland*, 69 *Ga.* 661, 662; *Hartsfield Co.* v. *Ray*, 51 *Ga. App.* 106 (1, 2, 4) (179 S. E. 732). Accordingly, for the additional reason that the defendant had a right to an order of restitution, as prayed, in conformity with the previous decision of this court that the mandatory injunction had been erroneously granted, the dismissal of the suit over the objection of the defendant was erroneous.

*Judgment reversed. All the Justices concur.*