## 18438. BREWER *v.* WILLIAMS *et al.*

HAWKINS, Justice. 1. While it is a well-settled general rule that claims arising ex contractu can not be set off against claims arising ex delicto, except upon equitable grounds, such as insolvency or non-residence (Code § 3-113; *Hecht* v. *Snook & Austin Furniture Co.,* 114 *Ga.* 921, 41 S. E. 74; *Standhardt* v. *Hardin,* 145 *Ga.* 147, 88 S. E. 565; *Strickland* v. *Bank of Cartersville,* 141 *Ga.* 565, 81 S. E. 886; *Aetna Insurance Co.* v. *Lunsford,* 179 *Ga.* 716, 177 S. E. 727), the plaintiff's petition in the instant case, seeking to enjoin the defendant from the commission of an alleged threatened tort in the cutting and removal of timber, was not an action in tort or ex delicto, but an equitable proceeding (*Verginadis* v. *Atlanta Milling Co.,* 173 *Ga.* 626, 160 S. E. 800), in which the defendant was not only entitled but bound to set up all defenses that he had to the suit, either legal or equitable, and to pray for all relief needed in aid thereof, ordinary or extraordinary, since the purpose of the Uniform Procedure Act was to vest in the superior court the authority to settle in one suit the controversy between the parties. When a plaintiff sues a defendant in the superior court, the policy of the law requires the controversy growing out of the cause of action alleged by the plaintiff to be settled in that suit. *McCall* v. *Fry,* 120 *Ga.* 661, 663 (48 S. E. 200); *Ray* v. *Home & Foreign Investment &c. Co.,* 106 *Ga.* 492 (32 S. E. 603); Code §§ 37-905, 81-106.

2. In the instant case the plaintiffs' petition and the intervention of the intervenor sought to enjoin the defendant from interfering with the plaintiffs, the intervenor, and their employees in the cutting and removing of timber from the described tract of land, the intervenor praying that its rights with respect to the timber be established by proper order and decree of the court. The defendant answered, denying their right to an injunction, and by way of cross-action as amended alleged that under his contracts with the plaintiffs, of which the intervenor had notice, he was entitled to the exclusive right to cut and remove the timber, and he asked for an injunction against the plaintiffs' cutting and removing the timber, and for judgment against the plaintiffs and the intervenor for damages because of their alleged breach of their contract in the cutting and the removing of the timber. The cause of action was, therefore, germane to the case made by the petition and the intervention, and was not a new and distinct matter entirely independent of that set out in the original petition and the intervention. The subject matter dealt with by the petition, the intervention, and the cross-action was one and the same. The issues raised in each involved the same timber and the same controversy, and the cross-action did not introduce new and distinct matters not embraced in the original suit and intervention.

3. While ordinarily a plaintiff or intervenor may dismiss his action, an entire cause cannot be properly dismissed over objection by the defendant when his affirmative rights under the pleadings would be prejudiced thereby. While the dismissal of a petition or intervention alone would carry with it an answer "to the extent of defensive matter," such a dismissal should not affect any counterclaims and must not preclude

342

the defendant's right to a hearing or trial of such claims. *Fender* v. *Hendley*, 196 *Ga.* 512 (26 S. E. 2d 887); *Moore* v. *Atlanta Joint Stock Land Bank*, 176 *Ga.* 697, 698 (7) (168 S. E. 558).

4. "One who goes into the court of a county other than that of his residence, to assert a claim or set up an equity, must be content to allow that court to determine any counterclaim growing out of the original suit which the defendant sees fit to set up by a cross-action." *Ray* v. *Home & Foreign Investment and Agency Co.*, 106 *Ga.* 492, 497 (5), supra.

5. A plea to the jurisdiction is a matter for trial before a jury, and the judge cannot finally pass upon the same at an interlocutory hearing. *Dean* v. *Dean*, 178 *Ga.* 712 (174 S. E. 339); *Tribble* v. *Knight*, 178 *Ga.* 804 (174 S. E. 626).

6. It was error for the trial judge to dismiss the cross-action of the defendant upon the theory that it sought to recover damages upon a cause of action arising ex contractu as against the plaintiffs' action as one ex delicto, and because the intervenor had voluntarily dismissed its intervention and this carried with it the cross-action of the defendant. It was also error for the trial judge, at an interlocutory hearing, to sustain the pleas to the jurisdiction filed by the plaintiffs and the intervenor and to thereafter dismiss the defendant's cross-action upon the theory that the court was without jurisdiction, the plaintiffs and the intervenor having come into the court of a county other than that of their residence to assert a claim against the defendant.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 11, 1954—DECIDED FEBRUARY 9, 1954.

*James E. Findley,* for plaintiff in error.
*Sharpe & Layne, Charles L. Gowen,* contra.

On October 4, 1951, Williams and Templeton, a partnership composed of two named persons, brought their petition in equity in the Superior Court of Toombs County, against E. K. Brewer, a resident of that county, wherein they alleged: that they were the owners of all timber on a described tract of land purchased by them under a lease contract from one C. W. Brewer, which lease was transferred by them to St. Mary's Kraft Corporation, to secure an advancement made by that company on the lease to the petitioners; that the petitioners have a direct, immediate concern, interest, value, and right in and to said lease, the timber therein described, and the profits to be derived therefrom, and are entitled in equity to protect such rights by the relief sought by the petitioners; that they have two crews of five men each cutting timber on said tract of land under the direction of two named persons; that the defendant has threatened to run the

employees of the plaintiffs off said tract of land; that said employees are Negroes and are not well informed of business and legal affairs, and because of the defendant's threats, do not work regularly and are afraid to cut timber when the defendant is around; that said threats and intimidation by the defendant interfere with the operation of the plaintiffs in cutting the timber from the described land; that on October 1 the defendant threatened the employees working under the two named persons with physical violence if they did not leave the premises and stop cutting the timber; that the plaintiffs paid $15,000 for the said lease and will lose thousands of dollars if the above described acts of the defendant are allowed to continue, and will be irreparably damaged if the defendant is not enjoined from interfering with the plaintiffs' employees. The petition prayed: (1) for process; (2) for an ex parte restraining order restraining the defendant from interfering with the employees of the plaintiffs; (3) that the defendant be temporarily enjoined from interfering with the employees of the plaintiffs; (4) that the defendant be permanently enjoined from interfering with the plaintiffs' employees; (5) for a rule nisi; and (6) that the defendant be required to serve plaintiffs or their attorneys with copies of all pleadings and affidavits to be used at the hearing at least three days before the date set for said hearing.

Upon presentation of the petition, an ex parte restraining order was granted as prayed, and the defendant was required to show cause on October 13, 1951.

On October 8, 1951, the defendant filed his answer and cross-action, in which he admitted the execution of the lease by his brother to the plaintiffs, but alleged: that he was the procuring cause thereof, at the request of the plaintiffs, and because of his services in securing the lease for the plaintiffs and in having the property surveyed and the title checked, it was orally agreed between the plaintiffs and the defendant that the defendant was to have the exclusive right to cut and remove all timber covered by the lease at a designated price for the various kinds of timber involved; that upon his cutting and delivering an amount of the timber at the prices designated sufficient to reimburse the plaintiffs for the $15,000 paid by them, together with interest thereon at three percent, and attorney's fees, the plaintiffs were

to assign to him the remainder of the timber on the described premises, he holding a bond for title from his brother for the land itself; that the plaintiffs had breached this contract by entering upon the land and cutting the timber thereon by their own employees, and had injured and damaged him by reason thereof. And he prayed: that the plaintiffs be enjoined from interfering with him in carrying out his alleged contract, and that he recover of the plaintiffs such amount as may be shown to be due by an accounting. Upon the filing of this answer and cross-action an ex parte restraining order was granted restraining the plaintiffs as prayed.

On the date set for the hearing, October 13, 1951, St. Mary's Kraft Corporation filed its intervention in the proceeding, alleging that the plaintiffs had assigned to it the timber-lease contract, in which it reserved the right to enter on and cut the timber from the land; that it elected to do so, and prayed that it be permitted to intervene in the proceeding; that its rights be established by proper order and decree of the court; that the cross-petition and injunction prayed for by the defendant be denied; and for general relief.

Upon the filing of this intervention, the trial judge, "after the reading of all pleadings, statements of counsel, etc.," denied the prayer of the defendant for injunctive relief, granted the prayer of the intervenor that the defendant be enjoined as prayed, and authorized the intervenor to proceed with the cutting of the timber described in the lease.

The defendant thereafter filed an amendment to his answer and cross-action, in which he alleged: that the intervenor took the assignment of the timber lease from the plaintiffs with knowledge of the contract existing between the plaintiffs and the defendant; that its election to enter upon the land and cut and remove the timber therefrom was not bona fide, but was in furtherance of a fraudulent scheme and conspiracy between the plaintiffs and intervenor to deprive the defendant of his rights under his contract with the plaintiffs; that there had been cut and removed from the land by the intervenor a described quantity of the various kinds of the timber of the value set out in the answer and cross-action, and of much greater value than $15,000; and the defendant prayed that the plaintiffs and the

intervenor be required to transfer to the defendant the timber lease described in the plaintiffs' petition; that the plaintiffs and the intervenor be required to account for all timber cut and removed by them; that the defendant have such judgment for damages against the intervenor and the plaintiffs, either or both, as may be meet and proper; and for general relief. This amendment was allowed and filed on August 9, 1951.

On August 25, 1952, the intervenor filed in court the following document: "Now comes St. Mary's Kraft Corporation and shows to the court that it no longer has any interest in the timber involved in this action and the intervention is therefore moot and it therefore dismisses its intervention," upon which an order was entered by the court on November 28, 1952, as follows: "The above and foregoing dismissal is hereby allowed." To this judgment the defendant took exceptions pendente lite.

On August 25, 1952, the plaintiffs filed what is termed a plea to the jurisdiction, which, so far as the record before us shows, was not verified, but which alleged: "That the Superior Court of Toombs County, Georgia, does not have jurisdiction of the subject matter of this cross-action for damages, for an entirely and distinct cause of action, being an attempt to recover or recoup damages on an alleged parol contract, whereas the original petition was one based on an action ex delicto, and if said E. K. Brewer has any cause of action against Williams and Templeton, it would be on a new suit to be filed either in the Superior Court of Emanuel County, or the City Court of Swainsboro."

On November 26, 1952, the following order was entered: "The above and foregoing case coming on to be heard after the allowance of two amendments to the defendant's answer and cross-action, and Williams and Templeton, the original plaintiffs, having filed a plea to the jurisdiction, said plea to the jurisdiction is hereby sustained, and the cross-action for damages of E. K. Brewer against Williams and Templeton dismissed." To this judgment the defendant also excepted pendente lite.

On August 25, 1952, the intervenor filed a motion, alleging that, "since its intervention has heretofore been dismissed, [it] moves the court to dismiss as far as it is concerned the cross-action of the defendant, E. K. Brewer, upon the ground that the voluntary dismissal of the intervention carries with it the answer

and cross-action of the defendant," which motion was granted by the court on November 28, 1952. To this judgment the defendant also excepted pendente lite.

On August 25, 1952, the intervenor, subject to its motion to dismiss filed previously, filed "this its plea to the jurisdiction so far as the answer and cross-claim of the defendant, E. K. Brewer, is concerned, and says that this court ought not to have or take further cognizance of the cross-claim sought to be asserted against it by the defendant's amendment, because it says, at the time of the commencement of said suit, to wit, on the 4th day of October, 1951, and from thence hitherto the defendant was a resident of Camden County in the State of Georgia and is not a resident of the County of Toombs in the State of Georgia, and that the Superior Court of Camden County has jurisdiction of such action, and this court has not." On November 28, 1952, the court entered thereon the following order: "The above and foregoing plea to the jurisdiction is hereby sustained and the cross-action of E. K. Brewer is hereby dismissed." To this judgment the defendant also excepted pendente lite.

On September 25, 1953, the following order and judgment was entered: "The stated case coming on today for trial, and it being admitted by all parties that all timber involved in the suit has been cut, and it appearing that the question of injunction is therefore moot, and it further appearing that the court on motion of the intervenor has heretofore dismissed the cross-action of the defendant for damages as to the intervenor, and has likewise on motion of the plaintiffs dismissed the cross-action of the defendant for damages as to the plaintiffs, the motion of the defendant to proceed with the trial of the case is denied, and the case is dismissed as to all parties," with judgment against the defendant for costs. To this judgment the defendant excepts in the present bill of exceptions, and also assigns error upon the exceptions pendente lite to the previous orders and judgments.