210 Ga. 341 (1954)
80 S.E.2d 190
BREWER
v.
WILLIAMS et al.
18438.
Supreme Court of Georgia.
Argued January 11, 1954.
Decided February 9, 1954.
James E. Findley, for plaintiff in error.
Sharpe & Layne, Charles L. Gowen, contra.
*346 HAWKINS, Justice.
1. While it is a well-settled general rule that claims arising ex contractu can not be set off against claims arising ex delicto, except upon equitable grounds, such as insolvency or non-residence (Code § 3-113; Hecht v. Snook & Austin Furniture Co., 114 Ga. 921, 41 S. E. 74; Standhardt v. Hardin, 145 Ga. 147, 88 S. E. 565; Strickland v. Bank of Cartersville, 141 Ga. 565, 81 S. E. 886; Aetna Insurance Co. v. Lunsford, 179 Ga. 716, 177 S. E. 727), the plaintiff's petition in the instant case, seeking to enjoin the defendant from the commission of an alleged threatened tort in the cutting and removal of timber, was not an action in tort or ex delicto, but an equitable proceeding (Verginadis v. Atlanta Milling Co., 173 Ga. 626, 160 S. E. 800), in which the defendant was not only entitled but bound to set up all defenses that he had to the suit, either legal or equitable, and to pray for all relief needed in aid thereof, ordinary or extraordinary, since the purpose of the Uniform Procedure Act was to vest in the superior court the authority to settle in one suit the controversy between the parties. When a plaintiff sues a defendant in the superior court, the policy of the law requires the controversy growing out of the cause of action alleged by the plaintiff to be settled in that suit. McCall v. Fry, 120 Ga. 661, 663 (48 S. E. 200); Ray v. Home & Foreign Investment &c. Co., 106 Ga. 492 (32 S. E. 603); Code §§ 37-905, 81-106.
2. In the instant case the plaintiffs' petition and the intervention of the intervenor sought to enjoin the defendant from interfering with the plaintiffs, the intervenor, and their employees in the cutting and removing of timber from the described tract of land, the intervenor praying that its rights with respect to the timber be established by proper order and decree of the court. The defendant answered, denying their right to an injunction, and by way of cross-action as amended alleged that under his contracts with the plaintiffs, of which the intervenor had notice, he was entitled to the exclusive right to cut and remove the timber, and he asked for an injunction against the plaintiffs' cutting and removing the timber, and for judgment against the plaintiffs and the intervenor for damages because of their alleged breach of their contract in the cutting and the removing of the timber. The cause of action was, therefore, germane to the case made by the petition and the intervention, and was not a new and distinct matter entirely independent of that set out in the original petition and the intervention. The subject matter dealt with by the petition, the intervention, and the cross-action was one and the same. The issues raised in each involved the same timber and the same controversy, and the cross-action did not introduce new and distinct matters not embraced in the original suit and intervention.
3. While ordinarily a plaintiff or intervenor may dismiss his action, an entire cause cannot be properly dismissed over objection by the defendant when his affirmative rights under the pleadings would be prejudiced thereby. While the dismissal of a petition or intervention alone would carry with it an answer "to the extent of defensive matter," such a dismissal should not affect any counterclaims and must not preclude *342 the defendant's right to a hearing or trial of such claims. Fender v. Hendley, 196 Ga. 512 (26 S. E. 2d 887); Moore v. Atlanta Joint Stock Land Bank, 176 Ga. 697, 698 (7) (168 S. E. 558).
4. "One who goes into the court of a county other than that of his residence, to assert a claim or set up an equity, must be content to allow that court to determine any counterclaim growing out of the original suit which the defendant sees fit to set up by a cross-action." Ray v. Home & Foreign Investment and Agency Co., 106 Ga. 492, 497 (5), supra.
5. A plea to the jurisdiction is a matter for trial before a jury, and the judge cannot finally pass upon the same at an interlocutory hearing. Dean v. Dean, 178 Ga. 712 (174 S. E. 339); Tribble v. Knight, 178 Ga. 804 (174 S. E. 626).
6. It was error for the trial judge to dismiss the cross-action of the defendant upon the theory that it sought to recover damages upon a cause of action arising ex contractu as against the plaintiffs' action as one ex delicto, and because the intervenor had voluntarily dismissed its intervention and this carried with it the cross-action of the defendant. It was also error for the trial judge, at an interlocutory hearing, to sustain the pleas to the jurisdiction filed by the plaintiffs and the intervenor and to thereafter dismiss the defendant's cross-action upon the theory that the court was without jurisdiction, the plaintiffs and the intervenor having come into the court of a county other than that of their residence to assert a claim against the defendant.
Judgment reversed. All the Justices concur.