20110. GRIFFIN *v.* LYNN.

ARGUED JUNE 9, 1958—DECIDED JULY 11, 1958.

Peyton Miles, Homer L. Causey, for plaintiff in error.

J. H. Highsmith, contra.

ALMAND, Justice. The judgment under review is one sustaining the motion of the defendant for a judgment in accordance with her motion for a directed verdict, made before the submission of the case to the jury and renewed after a mistrial had been declared.

The plaintiff in error (plaintiff in the trial below) insists that the court committed error in entering a judgment granting the relief prayed by the defendant in her cross-petition, in that he had withdrawn in writing his petition before judgment was entered, and such withdrawal carried with it the defendant's plea and answer.

Where the answer of the defendant is purely defensive, the withdrawal or dismissal of the petition by the plaintiff carries with it the answer of the defendant; but where the answer also is in the nature of a cross-bill and prays for affirmative relief, the plaintiff cannot dismiss his action so as to interfere with prayers of the defendant for affirmative relief, whether the claims set up therein be legal or equitable. Code § 3-510; *Ray v. Home & Foreign Investment &c. Co.*, 106 *Ga.* 492 (4) (32 S. E. 603); *Ledbetter v. Goodroe*, 177 *Ga.* 616 (1) (170 S. E. 866); *Fender v. Hendley*, 196 *Ga.* 512 (26 S. E. 2d 887). The entire case cannot be properly dismissed over the objection of the defendant where his affirmative rights under his pleadings would be prejudiced thereby. *Brewer v. Williams*, 210 *Ga.* 341 (2, 3, 6) (80 S. E. 2d 190). The defendant has the right to a hearing and a trial on his cross-action. *Evans v. Sheldon*, 69 *Ga.* 100 (1).

In the instant case the plaintiff by his equitable petition sought to require the defendant to perform specifically an oral contract to convey to him title of a described tract of land. The defendant's answer denied the material allegations of the petition, and by cross-action asserted that she was sole owner of the described property, and that the plaintiff was unlawfully and arbitrarily withholding possession from her; that the plaintiff had committed waste by cutting trees and tearing down a

house; and that the plaintiff was insolvent. Her prayers were: (a) for the appointment of a receiver, (b) that the plaintiff be enjoined from committing acts of waste on the property, (c) for an accounting as to trees cut, and (d) recovery of possession of the property.

The answer of the defendant clearly shows that she prayed for affirmative relief, and after the dismissal of the plaintiff's petition she was entitled to proceed with the trial on her prayers for affirmative relief against the plaintiff.

Though error is assigned on the judgment granting in part the relief prayed for by the defendant, a brief of the evidence adduced at the trial is not in the record and we cannot pass on this assignment.

*Judgment affirmed. All the Justices concur.*