24179.   O'KELLEY v. EVANS.

ARGUED JULY 10, 1967—DECIDED JULY 14, 1967.

*Fryer & Harp, William R. Harp,* for appellant.
*Joseph Tindall, Jr., F. Lee Evans,* for appellee.

NICHOLS, Justice.   1.   Section I of the Act of 1965 (Ga. L. 1965, p. 18; *Code Ann.* § 6-701), provides that appeals may be taken to the Supreme Court and Court of Appeals "Where the

judgment is final—that is to say—where the cause is no longer pending in the court below" and "Where the decision or judgment complained of, if it had been rendered as claimed for by the appellant, would have been a final disposition of the cause or final as to some material party thereto."

This language in the Act of 1965, supra, did not materially change the law as it existed prior to its enactment (*Code* § 6-701 as amended by Ga. L. 1946, pp. 726, 730; Ga. L. 1957, pp. 224, 230), with reference to reviewable judgments.

"The dismissal of the plaintiff's suit on general demurrer did not carry with it the cross action of the defendants for a money judgment against the plaintiff. *Code* § 3-510. This is so whether the defendants' cross action is equitable or purely legal. *Ledbetter v. Goodroe,* 177 Ga. 616 (170 SE 866). After the dismissal of the plaintiff's petition the defendants had the right to proceed to a hearing and a determination on their cross action. *American Legion v. Miller,* 183 Ga. 754 (189 SE 837). See also *Fender v. Hendley,* 196 Ga. 512 (26 SE2d 887) ; *Brewer v. Williams,* 210 Ga. 341 (80 SE2d 190)." *Wallace v. Eiselman,* 219 Ga. 307, 309 (133 SE2d 355).

Applying the above law to the facts in the case sub judice the appeal must be dismissed as being premature since the defendant's cross complaint seeking a money judgment against the plaintiff is still pending in the trial court.

*Appeal dismissed. All the Justices concur, except Duckworth, C. J., who dissents.*