43457. DEAN v. GAINESVILLE STONE COMPANY, INC.

WHITMAN, Judge. The only question presented by the appeal in this case is whether the plaintiff's petition states a cause of action sufficient against general demurrer. The defendant's demurrer to the plaintiff's petition as amended was sustained and it is from this order that the appeal was taken.

From the allegations of plaintiff's petition, it appears that he was a self-employed automotive mechanic; that he went to the defendant's premises to deliver a part off a vehicle of the defendant which he had repaired; that when he arrived he was asked by an employee of the defendant, who had the authority to do so, to help him start one of the defendant's trucks; that he and defendant's employee pushed the truck so that it would roll down the grade upon which it was situated; that plaintiff, at the request of the defendant's employee, got into the truck and attempted to start it by releasing the clutch while in gear; that when these efforts were unsuccessful, he applied the brakes to stop the truck, but the brake pedal was inoperative; that the truck gained momentum and hit a bump which caused the hood to fly up and through the windshield and blocked the view; and that plaintiff, having previously seen some men at work in front of him and knowing of their presence, attempted to steer the truck away from their location, but in doing so and before he could stop the truck or get himself out, the truck went over the embankment of a thirty-foot deep hole of which he was unaware

and could not have previously observed because of the nature of the terrain. Plaintiff alleges that he was injured as a result of this occurrence and charges the defendant with negligence in that his employee, acting in the prosecution of the defendant's business and within the scope of his authority, (1) failed to advise plaintiff that the brakes were inoperative while knowing they were inoperative, (2) failed to advise plaintiff that the hood was loose and likely to fly up into the windshield while knowing of the same, and (3) failed to advise plaintiff of the hole immediately in front of the vehicle. *Held:*

1. Implicit in the holding of the Supreme Court in *O'Kelley v. Evans,* 223 Ga. 512 (156 SE2d 450), that an appeal from a judgment sustaining a general demurrer and dismissing the plaintiff's petition is premature where a cross-action is still pending in the trial court, is the principle that an appeal, as in the present case, from an order sustaining a general demurrer to plaintiff's petition taken more than 30 days after such order, but within 30 days after the voluntary dismissal by the defendant of his cross action, is timely. Accordingly, the motion to dismiss the appeal is without merit.

2. As we view the plaintiff's petition, it sufficiently alleges that the plaintiff was the defendants' invitee. *Holtsinger v. Scarbrough,* 69 Ga. App. 117 (2) (24 SE2d 869). The duty arising as a matter of law from such relationship is that of ordinary care. *Findley v. Lipsitz,* 106 Ga. App. 24 (126 SE2d 299). One who, at the request of the owner, assists in getting a vehicle started, is not a volunteer. *Bramlett v. Hulsey,* 98 Ga. App. 39 (104 SE2d 614); *Harper v. DeFreitas,* 117 Ga. App. 236 (2) (160 SE2d 260).

3. " 'All that a plaintiff need allege to withstand the attack of of a general demurrer is the factum of the duty, . . . a violation of that duty, and damages resulting from that violation.' *Vickers v. Georgia Power Co.,* 79 Ga. App. 456, 458 (54 SE2d 152); *Atlanta Paper Co. v. Sigmon,* 82 Ga. App. 730, 734 (62 SE2d 363)." *Sarno v. Hoffman,* 110 Ga. App. 164, 166 (138 SE2d 96). In this regard the plaintiff's petition is sufficient. It alleges certain acts by the defendant's employee in breach of the duty owed plaintiff; it alleges damages; and it alleges the damages suffered were proximately caused by the negligence charged.

"A general demurrer goes to the whole pleading to which it is

addressed, and should be overruled if any part thereof is good in substance. *Blaylock v. Hackel,* 164 Ga. 257 (5) (138 SE 333)." *Calbeck v. Herrington,* 169 Ga. 869, 873 (152 SE 53). "To be subject to general demurrer, a petition must be utterly lifeless. If there is a spark of life in it, it is good against such a demurrer." *Medlock v. Aycock,* 16 Ga. App. 813 (1) (86 SE 455).

4. It is defendant's position, however, that the petition, when construed most strongly against the plaintiff, affirmatively shows a failure by plaintiff to exercise ordinary care for his own safety by attempting to start a truck under the conditions then and there existing; that plaintiff was asked to help start the truck because of his particular skill and knowledge as a mechanic; that he came to the defendant's premises during daylight hours and should have been familiar with and did in fact see or should have seen the surrounding terrain where the episode occurred; that the fact that the truck would not start put plaintiff on notice that something was wrong with it; that by virtue of his trade and vocation he did not exercise the ordinary care of any ordinary prudent person in getting in the truck without first ascertaining the condition of the truck, the brakes, the hood, and the general terrain over which the truck would travel.

If the plaintiff in fact knew the truck's brakes were inoperative, or in the exercise of ordinary care should have known, then he did fail to exercise ordinary care for his own safety. But we cannot infer that fact from plaintiff's allegations that he was a mechanic and that the truck's motor would not start. Nothing in the petition plainly shows that the plaintiff had knowledge that the brakes were useless. "Questions of negligence, diligence, contributory negligence, and proximate cause are peculiarly matters for a jury, and a court should not take the place of a jury in solving them, except in plain and indisputable cases." *Peck v. Baker,* 76 Ga. App. 588 (1a) (46 SE2d 751).

The trial court erred in sustaining the defendant's general demurrer.

5. The Supreme Court in a recent decision, handed down after the above determination was made in this case, ruled that the court must apply the new rules of the Civil Practice Act regardless of when the judgment was entered below. *Hill v. Willis,* 224 Ga. 263 (1) (161 SE2d 281). Under the Civil

Practice Act a complaint is sufficient if it states a claim for which relief may be granted. See *Harper v. DeFreitas*, 117 Ga. App. 236 (1) (160 SE2d 260). Having already found the complaint sufficient as against a general demurrer, it must also be regarded as sufficient under the new rules.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED FEBRUARY 5, 1968—DECIDED JULY 8, 1968.

*Reed & Dunn, R. Elliott Dunn, Jr.*, for appellant.

*Greer, Sartain & Carey, Joe B. Sartain, Jr., Howard T. Overby,* for appellee.